Marcos RANGEL, Appellant,

v.

Robert LAPIN; Carrigan, Lapin, Landa & Wilde, L.L.P., and Carrigan, Lapin & Landa, L.L.P., Appellees.

No. 01–03–00351–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 13, 2005.

Rehearing Overruled April 28, 2005.

Neal H. Paster and Langdon Smith III, Hjalmarson, Smith & Hancock, Houston, TX, for Appellant.

Robert C. McCabe, Holm, Bambace & McCabe, L.L.P., Houston, TX, for Appellees.

Panel consists of Justices TAFT, JENNINGS, and BLAND.

## OPINION

JANE BLAND, Justice.

Appellant Marcos Rangel sued appellees Robert Lapin, the law firm of Carrigan, Lapin, Landa & Wilde, L.L.P., and its related entity Carrigan, Lapin & Landa, L.L.P. (collectively the "Lapin firm"). The lawsuit alleges: (1) legal malpractice (negligence), (2) breach of contract, (3) breach of warranty, (4) gross negligence, (5) violations of the Texas Deceptive Trade Practices–Consumer Protection Act (the "DTPA"), and (6) spoliation of evidence. Rangel's claims arise out of the Lapin firm's representation of him in connection with potential litigation for injuries Rangel sustained in a car crash. The trial court granted summary judgment. Rangel contends that the trial court erred in doing so, because: (1) the Lapin firm failed to properly present its motion for summary judgment to the trial court; (2) a fact issue exists with respect to his liability claims; and (3) the trial court erred in striking his spoliation claim. We conclude that the Lapin firm properly presented its motion, Rangel failed to raise a fact issue as to the causation element of his claims, and Texas does not recognize an independent cause of action for spoliation.[1] We therefore affirm the trial court's summary judgment.

## Facts

In June 1998, Rangel suffered serious injuries in an automobile collision, while he

---

1. Rangel did not appeal the trial court's summary judgment against his gross negligence claim.

was driving a 1990 Honda Accord owned by his father. He subsequently retained the Lapin firm to represent him in his claim against the other vehicle's driver and owner for damages. After discovering that neither the owner nor the driver of the other vehicle had maintained insurance coverage, the Lapin firm withdrew as Rangel's counsel. In this lawsuit, Rangel alleges that his father reported to the Lapin firm that he believed that his Honda's automobile restraint system was defective, and might have contributed to the severity of Rangel's injuries. He further alleges that a legal assistant of the law firm advised Rangel's father to sell the wrecked Honda for its salvage value. Rangel's father sold the Honda, and the salvage company reduced it to scrap metal. Rangel alleges in this lawsuit that his father's disposal of the vehicle prevented him from pursuing a products liability case against the Honda Motor Company with respect to the Honda Accord's passive restraint system.

Rangel filed his original petition in June 2000. The Lapin firm filed both a traditional and a no-evidence motion for summary judgment in August 2002. *See* Tex.R. Civ. P. 166a(c), 166a(i). The Lapin firm moved for summary judgment on the grounds that (1) no evidence exists as to at least one element of Rangel's legal malpractice, breach of warranty, breach of contract, and DTPA claims; and (2) the DTPA claims are barred as a matter of law. The trial court granted the Lapin firm's motion for summary judgment in January 2003. Rangel then filed a motion for new trial. The trial court denied Rangel's motion for new trial, and this appeal followed.

### Standard of Review

The movant for a traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex.1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). A defendant moving for summary judgment must either disprove at least one element of each of the plaintiff's causes of action, or plead and conclusively establish each essential element of its affirmative defense, thereby rebutting the plaintiff's causes of action. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995). In a no-evidence summary judgment under Rule 166a(i), the movant represents that no evidence exists as to one or more essential elements of the non-movant's claims, upon which the non-movant would have the burden of proof at trial. Tex.R. Civ. P. 166a(i). The non-movant then must present evidence raising a genuine issue of material fact on the challenged elements. *Id.*

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard when reviewing a no-evidence summary judgment as we do in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 350 (Tex.App.-Houston [1st Dist.] 2001, no pet.)); *see also Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex.App.-Austin 1998, no pet.). We ascertain whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented. *See Jackson*, 979 S.W.2d at 70. We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *King Ranch*, 118 S.W.3d at 751 (citing

*Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997)); *see also Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,* 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

■ More than a scintilla of evidence exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *King Ranch,* 118 S.W.3d at 751; *Merrell Dow Pharms.,* 953 S.W.2d at 711. As the summary judgment order in this case does not specify the grounds relied upon by the trial court, we affirm it if any one of the grounds presented in the motion has merit. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996).

### Improper Form

■ In his first issue, Rangel contends that the trial court erred in overruling his objections to the Lapin firm's motion for summary judgment because the motion did not properly incorporate the summary judgment evidence upon which it relies. Rangel claims that the Lapin firm should have included its evidentiary support—depositions, in particular—in full, as opposed to the excerpts that support its motion. Rangel further claims that the Lapin firm failed to direct the court to any specific portion of the evidence in support of its no-evidence motion for summary judgment.

Rule 166a provides that the motion or response reference or set forth the evidence in support of it, unless such evidence is "on file" at the time of the hearing. *See* TEX.R. CIV. P. 166a(c). The Lapin firm's

motion for summary judgment relies upon and specifically references: (1) Rangel's disclosure responses; (2) Rangel's original petition; (3) excerpts from Rangel's deposition testimony; (4) excerpts from his father's deposition testimony; (5) excerpts from his mother's deposition testimony; and (6) Rangel's expert's deposition testimony. The Lapin firm attached these materials to its motion.

■ Depositions and pleadings are proper summary judgment evidence when referred to or incorporated in a motion for summary judgment. *See Stewart v. United States Leasing Corp.,* 702 S.W.2d 288, 290 (Tex.App.-Houston [1st Dist.] 1985, no writ). Within its motion for summary judgment, the Lapin firm specifically referenced its summary judgment evidence. The fact that the Lapin firm did not rely upon all of the discovery materials in the case, nor attach every complete deposition, does not constitute a valid basis for objection to the evidence that the motion did incorporate. We hold that the Lapin firm properly presented evidence in favor of its motion for summary judgment.

Moreover, the Lapin firm does not have the burden of producing evidence to support the no-evidence part of its motion. *See Howell v. Hilton Hotels Corp.,* 84 S.W.3d 708, 711–12 (Tex.App.-Houston [1st Dist.] 2002, pet. denied.). In its motion, the Lapin firm stated the elements in each cause of action that lacked evidence-namely, causation and damages. This satisfies the specificity requirement of a no-evidence motion for summary judgment. *See* TEX.R. CIV. P. 166a(i).[2]

---

2. Rangel also maintains the Lapin firm incorrectly relies on deposition testimony that was not in the trial court's record. Rule 166a(d) requires parties to provide a "statement of intent" to use unfiled discovery as summary judgment proof. *See* TEX.R. CIV. P. 166a(d). A motion satisfies this requirement if the discovery is attached to a summary judgment motion or response and the motion or response clearly relies on the attached discovery as support. *See McConathy v. McConathy,* 869 S.W.2d 341, 342 n. 2 (Tex.1994). The Lapin firm attached the deposition testimony in sup-

## Legal Malpractice

■ Rangel contends that the trial court erred in rendering summary judgment on his legal malpractice claim. A legal malpractice action is based upon negligence and requires proof of four elements: (1) a legal duty; (2) a breach of that duty; (3) that the breach proximately caused the plaintiff's damages; and (4) that the plaintiff sustained damages. *See Alexander v. Turtur & Assocs., Inc.,* 146 S.W.3d 113, 117 (Tex.2004); *see also Peeler v. Hughes & Luce,* 909 S.W.2d 494, 496 (Tex.1995); *Cosgrove v. Grimes,* 774 S.W.2d 662, 665 (Tex.1989); *Greathouse v. McConnell,* 982 S.W.2d 165, 172 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). If a legal malpractice case arises from prior litigation, a plaintiff must prove that, "but for" the attorney's breach of his duty, the plaintiff would have prevailed in the underlying case. *Greathouse,* 982 S.W.2d at 172. Our jurisprudence often refers to this "but for" causation aspect of the plaintiff's burden as the "suit-within-a-suit" requirement. *See id.* at 173.

Rangel alleges that the Lapin firm breached the standard of care for an attorney by advising his father to destroy the vehicle that could have provided a basis for a products liability action against Honda. In its motion for summary judgment, the Lapin firm asserted that Rangel had failed to produce any evidence of proximate cause, i.e., that Rangel would have prevailed in a lawsuit against Honda "but for" the firm's malpractice. *See Greathouse,* 982 S.W.2d at 173. In response, Rangel offered his pleadings and the deposition testimony of Todd Tracy. Tracy is an attorney who has handled crashworthiness cases against Honda. He testified that there was "no doubt in his mind" that he could have recovered a substantial recovery on behalf of Rangel had the vehicle

been preserved. He further averred that the vast majority of cases with injuries similar to Rangel's settle for large sums of money. Although Tracy is a "legal expert witness," Rangel concedes that he is not an engineering, medical, or biomechanics expert.

■ In general, one proves causation in a legal malpractice suit by expert testimony. *See Alexander,* 146 S.W.3d at 119–20; *Onwuteaka v. Gill,* 908 S.W.2d 276, 281 (Tex.App.-Houston [1st Dist.] 1995, no writ). Here, the underlying case against Honda required expert testimony to show that Rangel would have prevailed against Honda, had the suit properly been prosecuted. *Alexander,* 146 S.W.3d at 119–20; *Onwuteaka,* 908 S.W.2d at 281. To prevail in a passive restraint products liability suit, some combination of expert medical, biomechanical, and/or design opinions that the seat belt in Rangel's Honda was, in fact, defective, and furthermore, that failure of a seat belt passive restraint system caused Rangel's injuries would have been necessary to prevail in the underlying lawsuit. *See, e.g., Nissan Motor Co. v. Armstrong,* 145 S.W.3d 131, 137 (Tex.2004) (requiring competent expert testimony and objective proof that defect caused unintended acceleration in vehicle); *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995) (stating that to establish causation in personal injury case, plaintiff must prove that conduct of defendant caused event and event caused plaintiff to suffer compensable injuries); *Henderson v. Ford Motor Co.,* 519 S.W.2d 87, 93–94 (Tex.1974) (reversing judgment against car manufacturer because no expert testified defect had been caused by unreasonably dangerous design or that alternative would have prevented accident); *General Motors Corp. v. Harper,* 61 S.W.3d 118, 130 (Tex.

port of its motion for summary judgment.

Rangel's contention thus is without merit.

App.-Eastland, 2001, pet.denied) (holding that in order to establish liability for design defect, plaintiff must prove the defect was producing cause of injury). Such highly technical matters of design and engineering require scientific, technical, and/or specialized knowledge. *See* TEX.R. EVID. 702; *see also Honda of America Mfg., Inc. v. Norman,* 104 S.W.3d 600, 608 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) (reversing plaintiff's jury award in products liability seat belt restraint suit on legal sufficiency grounds because no expert testimony of reasonably safer alternative design for Honda's passive restraint system); *Praytor v. Ford Motor Co.,* 97 S.W.3d 237, 241 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (concluding that motorist in air bag deployment suit required to present expert testimony to establish causation); *Coastal Tankships, U.S.A., Inc. v. Anderson,* 87 S.W.3d 591, 603 (Tex. App.-Houston [1st Dist.] 2002, pet. denied) (holding that when lay person's general experience and common sense will not enable that person to determine causation, expert testimony is required); *General Motors,* 61 S.W.3d at 133 (reversing plaintiff's jury award in products liability seat belt restraint suit because design expert's testimony failed to establish causation); *Sipes v. General Motors Corp.,* 946 S.W.2d 143, 154 (Tex.App.-Texarkana 1997, pet. denied) (stating although expert not required in all cases to establish a product defect, "issues may arise on technical matters of design and engineering that would be beyond evidence that lay witnesses with no expertise in these fields could offer").

Rangel did not offer any accident reconstruction, medical, engineering or design testimony to support his claim that his injuries were consistent with a design or manufacturing defect. Thus, Rangel did not offer expert testimony from which one could infer that the underlying case would have had merit, if only the Honda Accord

had not been sold for salvage and destroyed. In addition, Rangel did not offer any factual evidence that supports a products liability claim against Honda—no medical records, no information about the vehicle's design, not even the police report. Although Tracy described the Honda's seat belt system in his deposition, he admitted that, as a lawyer, he is not an expert in the fields of accident reconstruction or design defects, and that he could not offer the opinion that the seat belt in Rangel's car had failed. We conclude that Rangel failed to raise a material fact issue on the suit-within-a-suit causation element of his legal malpractice claim. *See Alexander,* 146 S.W.3d at 117. The trial court therefore properly granted the Lapin firm's summary judgment with respect to this claim.

### Deceptive Trade Practices Act

 Rangel further contends that the trial court erred in granting summary judgment to the Lapin firm on his DTPA cause of action. Specifically, he contends that the Lapin firm created confusion that resulted in Rangel's incorrect belief that one of the firm's paralegals, Keith Hill, was actually an attorney. He further contends that Lapin represented that he was a board certified personal injury lawyer when he was not. Rangel alleges that because the firm led him and his family to believe that Hill was an attorney, they placed greater confidence in his advice to sell the car for salvage. Rangel maintains that these misrepresentations were a producing cause of injury to him, because but for the advice of the Lapin firm, he would have "retained a viable products case against Honda."

As with Rangel's negligence claims, the DTPA requires that a plaintiff prove that "but for" the attorney's breach of duty, the plaintiff would not have sustained injury.

*See* Tex. Bus. & Com.Code Ann. § 17.46(b) (Vernon 2002); *see also Alexander,* 146 S.W.3d at 117 (stating that producing cause under DTPA requires proof of causation in fact); *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 481 (Tex.1995) (providing·that producing cause is substantial factor which brings about injury and without which injury would not have occurred). Rangel has not raised a fact issue as to whether he would have recovered in a suit against Honda, thus, no evidence of the producing cause element of Rangel's DTPA claim exists.

Moreover, the DTPA does not apply to a claim for damages based upon professional services, if the essential nature of the service is the providing of advice, judgment, opinion, or similar professional skill. *See* Tex. Bus. & Com.Code Ann. § 17.49(c)(1) (Vernon 2002); *Stafford v. Lunsford,* 53 S.W.3d 906, 910 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (holding attorney was not liable under DTPA for failing to advise client to record divorce decree awarding her former husband's land, because amendment to DTPA exempted professional services from statute). Here, the alleged representations made by Hill and the Lapin firm to Rangel were the type of advice, judgment, or opinion that the·legislature specifically intended to exempt from the DTPA. *See Stafford,* 53 S.W.3d at 910. Rangel alleges misrepresentations that caused him to weigh the firm's advice with undue favor, a claim that soundly rests within the arena of professional advice. The trial court therefore properly granted summary judgment with respect to Rangel's DTPA action.

### Breach of Contract

■ Rangel claims that the Lapin firm breached its contract to "prosecute and collect any claims" that Rangel may have had in the underlying litigation against Honda. In his brief, Rangel cites to the language in the fee agreement he signed with the Lapin firm to handle his underlying claim. He claims the breach of the agreement by the· Lapin firm caused injury, because he lost his opportunity to pursue and recover a judgment on his potential products claim. The Lapin firm responds that no evidence exists as to (1) its breach of the contract, and (2) that any breach caused injury to Rangel.

■ As with Rangel's other causes of action, his breach of contract claim is one "means to an end" to complain of legal malpractice. *See Greathouse,* 982 S.W.2d 165, 172 (citing *Klein v. Reynolds, Cunningham, Peterson & Cordell,* 923 S.W.2d 45, 48–49 (Tex.App.-Houston [1st Dist.] 1995, no writ)). A cause of action arising out of bad legal advice or improper representation is legal malpractice. *See Greathouse,* 982 S.W.2d at 172; *see also Sullivan v. Bickel & Brewer,* 943 S.W.2d 477, 481 (Tex.App.-Dallas 1995, writ denied). Rangel alleges a separate and distinct cause of action for breach of contract, but the crux of this claim is that the Lapin firm did not provide adequate legal representation to him. *See Greathouse,* 982 S.W.2d at 172. We hold that Rangel's breach of contract claim is in reality a legal malpractice claim. The trial court therefore properly granted summary judgment on the claim because Rangel failed to produce evidence raising a fact issue as to causation.

### Breach of Warranty

■ Rangel also appeals the trial court's summary judgment on his breach of warranty claims. Professional services, however, are not actionable under a breach of warranty cause of action. *Murphy v. Campbell,* 964 S.W.2d 265, 268–69 (Tex. 1997). The legal services offered by the

Lapin firm about which Rangel complains are professional in nature. The trial court therefore properly granted summary judgment on Rangel's breach of warranty cause of action.

## Spoliation

 In his final issue, Rangel contends that the trial court erred in striking his cause of action for spoliation. Rangel concedes that Texas does not recognize a separate and distinct cause of action for spoliation. *Trevino v. Ortega,* 969 S.W.2d 950, 952 (Tex.1998). He urges this court to reconsider.

In *Trevino,* the Texas Supreme Court declined to recognize spoliation as an independent tort. *Id.* In its opinion, the court stated:

> While the law must adjust to meet society's changing needs, we must balance that adjustment against boundless claims in an already crowded judicial system. We are especially adverse to creating a tort that would already lead to duplicative litigation, encouraging inefficient relitigation of issues better handled within the context of the core cause of action.

*See id.* We are duty bound to follow the Texas Supreme Court's pronouncements and therefore decline Rangel's invitation to recognize an independent action for spoliation. *Lubbock County v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function of a court of appeals to abrogate or modify established precedent. That function lies solely with [the Texas Supreme] Court."); *Lofton v. Tex. Brine Corp.,* 777 S.W.2d 384, 386 (Tex.1989) (stating that courts of appeals must follow Texas Supreme Court's pronouncements); *Swilley v. McCain,* 374 S.W.2d 871, 875 (Tex.1964) (same).

## Conclusion

We hold that the trial court properly granted summary judgment in favor of the Lapin firm. We conclude that (1) the Lapin firm properly presented its motion to the trail court; (2) Rangel failed to raise a fact issue as to causation for his legal malpractice claim; (3) Rangel failed to raise a fact issue as to his DTPA and breach of contract actions; (4) Texas does not recognize a cause of action for breach of warranty of professional services; and (5) the trial court did not err in striking Rangel's cause of action for spoliation, because Texas does not recognize an independent cause of action for spoliation of evidence. We therefore affirm the judgment of the trial court.