**JANE DOE 1, Individually and as Next Friend of Jane Doe 2, a Minor Child, Appellant,**

v.

**PILGRIM REST BAPTIST CHURCH, Appellee.**

No. 05–06–00197–CV.

Court of Appeals of Texas, Dallas.

March 5, 2008.

Rehearing Overruled April 8, 2008.

John C. Sherwood and Ann H. Washburn, Law Offices of John C. Sherwood, Dallas, TX, for Appellant.

Stan Tillman, Sharpe Reynolds & Tillman, Fort Worth, TX, for Appellee.

Before Justices FITZGERALD, LANG–MIERS, and MAZZANT.

## OPINION

Opinion by Justice LANG–MIERS.

Doe appeals the trial court's order granting summary judgment for Pilgrim Rest Baptist Church (the Church) and dismissing Doe's premises-liability claims against the Church. In one issue, appellant argues that the Church did not meet its burden to negate the foreseeability element of her claims. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an alleged sexual assault in the bathroom of the Church's third-floor gymnasium that occurred while the gym was being used by a third-party youth group. Jane Doe 2 is Doe's ten-year-old daughter and one of the members of the youth group. She was allegedly sexually assaulted in that bathroom by the adult supervisor of the youth group.

■ Doe sued the Church alleging that it "failed to provide security for its invitees" and failed to warn Doe about its inadequate security.[1] She asserted causes of action for premises liability, negligence, and gross negligence.[2] The Church moved for both traditional and no-evidence summary judgment[3] and submitted deposition testimony that it contends established that the alleged criminal conduct was not foreseeable. Doe opposed the motion and submitted deposition testimony that she contends raised an issue of fact concerning

1. Doe also sued the youth group and the adult supervisor. After the trial court granted the Church's motion for summary judgment, the trial court severed Doe's claims against the Church and declared the summary judgment order a final and appealable judgment.

2. We note that "[a] complaint that a landowner failed to provide adequate security against criminal conduct is ordinarily a premises liability claim," not a negligence claim. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex.1998). We also note that the Texas Supreme Court has "rejected attempts to blur the distinction between these two claims." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006). Although the parties do not raise the distinction, they treat Doe's claim against the Church as a premises-liability claim. For example, Doe states at the beginning of the argument section of her brief that "[t]his is a premises liability case." Accordingly, we will analyze the Church's duty in the context of a premises-liability claim.

3. Appellate courts usually address the no-evidence ground first when the summary-judgment movant raised both traditional and no-evidence grounds. *See, e.g., Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.-Dallas 2007, pet. denied) ("When the motion for summary judgment presented both no-evidence and traditional grounds, we first review the propriety of the summary judgment under the no-evidence standards of rule 166a(i)."). But here, because both parties limit their briefing in this appeal to the merits of the Church's traditional motion, we only address the evidence of the element of foreseeability in the context of the traditional motion. And because it does not affect the outcome of this appeal, we do not address the merits of the no-evidence motion or Doe's response to that motion. *See* Tex.R.App. P. 47.1 (opinion need only address issues "necessary to final disposition of the appeal").

whether the alleged conduct was foreseeable. She argued that the motion should be denied because the Church owned the premises and "permitted and authorized [the youth group] to utilize its gymnasium when it realized or should have realized the likelihood that a third party might avail himself of the opportunity to commit a tort or crime on the premises."

An associate judge granted the Church's motion without specifying the grounds for the ruling. Doe appealed that decision to the trial court, but the trial court denied that appeal and dismissed Doe's claims against the Church with prejudice.

### ISSUE ON APPEAL

In her sole issue, Doe argues that "[t]he trial court should not have granted summary judgment because there are disputed fact issues that precluded the grant of summary judgment and the [Church] did not show it was entitled as a matter of law to summary judgment."

### APPLICABLE LAW

#### A. TRADITIONAL SUMMARY JUDGMENT AND STANDARD OF REVIEW

 To prevail on a summary-judgment motion brought under Texas Rule of Civil Procedure 166a(c), a movant must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex.2004). A defendant "who conclusively negates at least one element of a cause of action is entitled to summary judgment on that claim." *IHS Cedars Treatment Ctr. Of DeSoto, Tex. Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex.2004) (citing *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)). If the movant establishes a right to summary judgment, the burden shifts to the nonmovant to raise a genuine issue of material fact in order to defeat summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995).

 We review de novo the trial court's grant of a traditional motion for summary judgment. We examine the entire record in the light most favorable to the nonmovant, indulge every reasonable inference and resolve any doubts against the movant. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006) (per curiam). We affirm a traditional summary judgment if the evidence submitted in support of the motion and any response shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c).

#### B. Owners' Liability for Crimes Committed by Third Parties on Their Property

 As a general rule, a person has no legal duty to protect another from the criminal acts of third parties. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996). Property owners, however, have a duty to use ordinary care to protect invitees from foreseeable criminal acts of third parties. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex.1998) (property owner " 'does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee' ") (quoting *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex.1997)). In determining whether the criminal conduct was foreseeable, we must consider whether any criminal conduct previously occurred on or near the property, how recently the criminal conduct occurred, how often it occurred, how similar it was to the conduct at issue, and what publicity was given to the previous conduct to indicate that the

premises owner knew or should have known about it. *Timberwalk*, 972 S.W.2d at 757. "These factors—proximity, recency, frequency, similarity, and publicity—must be considered together in determining whether criminal conduct was foreseeable.... The court must weigh the evidence using all the factors." *Id.* at 759.

## C. TRADITIONAL SUMMARY JUDGMENT FOR A PREMISES-LIABILITY DEFENDANT

 In a premises-liability case arising from the criminal conduct of a third party, "a defendant who seeks to negate foreseeability on summary judgment must prove more than that the intervening third-party criminal conduct occurred. The defendant has the burden to prove that the conduct was not foreseeable." *Phan Son Van v. Pena*, 990 S.W.2d 751, 754 (Tex.1999). If a defendant submits evidence proving that the conduct was not foreseeable, "[t]he burden then shifts to the plaintiff to raise a fact issue by presenting controverting evidence that the criminal conduct was foreseeable." *Id.*

### ANALYSIS OF THE CHURCH'S MOTION FOR SUMMARY JUDGMENT

## A. Did the Church Meet Its Burden?

 In its motion, the Church asked the trial court "to take judicial notice that the alleged conduct [ ] that is the basis of all claims in the petition is a violation of Texas Criminal law." To prove that the alleged criminal conduct was not foreseeable and defeat Doe's claims as a matter of law, the Church submitted the following deposition testimony from Reginald Bibb, the "president/director of the athletic ministry at Pilgrim Rest Baptist Church, among other things":

Q. Okay. Have you ever—are you aware of anybody ever having been sexually assaulted in the gym?

A. No, I'm not.

Q. And have you ever been aware of anybody being assaulted in the gym?

A. No, I'm not.

Q. And have you ever been aware of any thefts in the gym?

A. No, I'm not.

The record also reflects that Bibb answered "[t]hat is correct" when asked during his deposition if he "would be the one that would be familiar with the gym and letting other people use it and so on and so forth." This testimony was competent summary-judgment evidence that negated the foreseeability element of Doe's premises-liability claim. *See, e.g., Timberwalk*, 972 S.W.2d at 758 ("The complete absence of previous crimes, or the occurrence of a few crimes over an extended time period, negates the foreseeability element."); *Stewart v. Columbia Med. Ctr. of McKinney Subsidiary, L.P.*, 214 S.W.3d 659, 663–64 (Tex.App.-Dallas 2007, pet. denied) (summary-judgment affidavit "establishing that there had been no similar crimes on or near the [property] in the two-and-a-half years prior to the shooting" shifted burden to plaintiff to offer "controverting evidence of any criminal activity on or near the premises"). We conclude that the Church met its initial summary-judgment burden of negating the element of foreseeability.

## B. Did Doe Meet Her Burden?

Once the Church met this initial burden, the burden shifted to Doe to raise a fact issue on the element of foreseeability. *Phan Son Van*, 990 S.W.2d at 754; *Centeq Realty*, 899 S.W.2d at 197; *Stewart*, 214 S.W.3d at 663–64. Doe had to submit evidence of specific prior crimes on or near the Church's property similar to the alleged crime in question such that the general danger of a sexual assault was foreseeable to the Church. *See generally*

*Timberwalk,* 972 S.W.2d at 756–59 (outlining factors used to establish foreseeability of third-party criminal conduct); *see also Walker,* 924 S.W.2d at 377 (affirming summary judgment for property owner because nonmovant did not bring forth "evidence of specific previous crimes on or near the premises" to raise fact issue as to foreseeability of third-party criminal activity); *McDaniel v. Cont'l Apartments Joint Venture,* 887 S.W.2d 167, 173 (Tex.App.-Dallas 1994, pet. denied) (affirming summary judgment for defendant property owners in premises defect case because owners "alleged as a grounds for summary judgment that they did not know, or have reason to know, of the premises defect" and plaintiffs did not controvert defendants' summary judgment evidence).

In Doe's brief, she generally argues that the summary-judgment evidence was "fraught with examples" of prior "incidents of alleged misconduct" on the Church's property. And during oral argument, when asked to identify the best evidence of foreseeability, Doe's counsel responded that "criminal misbehavior" had previously occurred in the Church's gym. But Doe's only summary-judgment evidence of any prior crime in or near the Church was the following deposition testimony from Bibb:

Q. Okay. Have you ever had any problems in terms of problems with young people in the gym other than the one we are talking about in this case?

A. You will have to be more specific than that.

Q. Well, have you ever had to call security for any reason, for something that arose—an altercation or any kind of problem that arose in the gym?

A. No, we handle our own issues.

Q. Have you ever had to handle issues like that?

A. Like what?

Q. Like any kind of altercations or a fight—

A. Fighting?

Q. A fight[,] that is a good example. Let's say a fight breaks out. How do you-all handle it?

A. We have athletic ministry personnel up there to handle that.

Q. Okay. When someone else comes in and a fight like that breaks out, the church is hands off?

A. If someone else is there we are there, and we handle that as well.

Q. You handle that as well? And why is that?

A. Because they are probably invitees, and we are probably there to participate along with them.

Q. You use the term "invitee," that there were invitees, I think you said?

A. No. I said that sometimes when we have invitees in and if they have fights we break it up.

Q. What is an invitee?

A. When we invite another church over to participate in a basketball game or volleyball game.

█ Under our summary-judgment standard of review, we indulge every inference this vague testimony raises in the light most favorable to Doe and assume that there were prior fights between "young people" during sporting events in the Church's gym. *See Sudan,* 199 S.W.3d at 292. Doe argues that Bibb's testimony that the Church "handled [its] own issues" was sufficient to "present a material fact question as to the foreseeability of the sexual assault." We disagree. Prior fights between young people using the gym during a sporting event does not make the general danger of a sexual assault foreseeable. *See, e.g., Timberwalk,* 972 S.W.2d at 758 ("A string of assaults and robberies in an apartment complex

make the risk of other violent crimes, like murder and rape, foreseeable. On the other hand, a spate of domestic violence in the complex does not portend third party sexual assaults or robberies.").

Doe also argues that the Church's evidence was "insufficient to support the [summary] judgment" awarded to the Church because "[t]he only reason that Mr. Bibb was 'not aware' of any thefts or assaults was, according to his own testimony, 'because they were not brought to [his] attention.'" She contends that "[h]aving someone testify to the lack of a fact based on his not being told about those matters does not establish that these things did not happen." But alleging, without summary-judgment evidence, that unspecified crimes may have occurred without Bibb's knowledge does not raise a fact issue on the element of foreseeability.

We conclude that Doe did not raise a fact issue on the element of foreseeability. *See Walker,* 924 S.W.2d at 377 (affirming summary judgment for property owner arising from stabbing by third party because plaintiff did not "bring forth any summary judgment evidence raising a fact issue on foreseeability"); *Stewart,* 214 S.W.3d at 663–64 (affirming summary judgment for hospital because plaintiff offered no controverting evidence to refute hospital's affidavit establishing lack of foreseeability of shooting in hospital's parking lot).

#### Conclusion

We overrule Doe's sole issue and affirm the summary judgment dismissing her claims against the Church.