Opinion issued November 21, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00293-CV

————————————

**KAREN KRISTINE SILVIO, Appellant**

**V.**

**JASON B. OSTROM AND NICOLE SAIN, Appellees**

---

On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Case No. 937164

---

### DISSENTING MEMORANDUM OPINION

I respectfully dissent. I disagree with the majority's application of the

standard of review of a summary judgment in a legal malpractice suit, and I would

not subject the appellees to a meritless trial on Silvio's grievance when she is unable even to identify a single act of malpractice that caused her harm.

This suit was brought by appellees, Jason Ostrom and Nicole Sain, to collect attorney's fees from appellant, Karen Kristine Silvio. Silvio filed a counterclaim for legal malpractice. Ostrom and Sain filed a traditional motion for summary judgment alleging that Silvio could not prove the element of proximate cause on her malpractice claim. The trial court granted the motion. Ostrom and Sain then nonsuited their original claims for breach of contract and suit on a sworn account so that only Silvio's appeal of her malpractice claim was left. The majority reverses the summary judgment granted to Ostrom and Sain on Silvio's malpractice claim and remands that claim for trial.

Proof that Ostrom and Sain's malpractice proximately caused her to lose the underlying suit is an essential element of Silvio's malpractice claim. In that suit, Silvio's siblings sued her in probate court on two deeds allegedly conveying their interest and their deceased mother's interest in their mother's house to Silvio. The summary judgment record conclusively demonstrates that Silvio lost the underlying case because of her own acts and that her loss was not proximately caused by malpractice on the part of Ostrom and Sain. Indeed, Silvio has failed even to *allege* a causal connection between any specific act of malpractice and the result in the underlying case, much less to present proof sufficient to raise a

2

material fact issue as to whether any act or acts of Ostrom and Sain's proximately caused her any harm. Therefore, I would affirm the summary judgment.

## Background

As the majority acknowledges, Silvio's siblings sued her in probate court to set aside two general warranty deeds Silvio had obtained—one from her siblings and one from her mother, the deceased—each purportedly conveying their interest in the mother's home to Silvio. Silvio's siblings claimed that the deed bearing their signatures was notarized and delivered without their consent, that the deed bearing their mother's signature was forged, and that neither deed was supported by consideration. Silvio hired Ostrom and Sain in an attempt to establish the binding nature of the deeds. The record reflects that they did legal research, interviewed witnesses, took depositions, and hired a handwriting expert in pursuit of Silvio's interests. They then filed a motion for summary judgment on her behalf, seeking to establish that a deed signed by a grantor does not have to be notarized to convey an interest in property. However, her siblings raised a fact issue as to delivery of the deed, and the trial court denied the motion. Ostrom and Sain then urged Silvio to settle the case following court-ordered mediation, but she refused. When they advised her that they believed settlement was in her best interest, setting out their reasons in detail and attaching correspondence from the adverse parties detailing the weaknesses in her claim, she demanded that they take

3

no further action on the case and terminated the representation. Ostrom and Sain moved to withdraw as counsel, advising Silvio of her right to object. Silvio did not object.

Subsequently, Silvio was represented in the probate case by two separate attorneys, each of whose representations of her terminated prior to trial.[1] Silvio ultimately decided to represent herself pro se. The trial court entered a declaratory judgment against her, finding that both deeds lacked consideration and that the siblings did not deliver to Silvio the deed purportedly conveying their interest in the property. On appeal, however, a panel of this Court reversed the judgment against her as to the deed signed by her mother, holding that no consideration was needed and that the deed was valid. *Silvio v. Boggan*, No. 01-10-00081-CV, 2012 WL 524420, at *3–4 (Tex. App.—Houston [1st Dist.] Feb. 16, 2012, pet. denied) (mem. op.).

Ostrom and Sain subsequently filed suit against Silvio for unpaid attorney's fees, alleging breach of contract and suit on a sworn account. Silvio filed numerous counterclaims. Ostrom and Sain filed a traditional motion for summary judgment on Silvio's claims against them, alleging that all of her causes of action amounted to a single claim for legal malpractice and alleging that Silvio could not

---

[1] Ostrom and Sain state that Silvio subsequently sued one of these attorneys, making essentially the same allegations against him that she has made against them.

show that any act or omission by them caused her any injury, as no act or omission by them could have impacted whether her siblings delivered a deed to her or whether the deeds to her from her siblings and her mother were supported by consideration. The trial court granted Ostrom and Sain's motion. Ostrom and Sain then nonsuited their claims for breach of contract and suit on a sworn account.

Silvio appeals the rendition of summary judgment against her.[2] In her brief on appeal, she alleges "newly discovered evidence." Specifically, she alleges that when she reviewed the records in the underlying probate case she discovered an "original answer" filed by the attorney representing the notary public who notarized the deed from her mother that stated, "The Plaintiff's claims are barred by the applicable [statute] of limitations." She claims that Ostrom and Sain did not include this document, which is not part of the summary judgment record, after she requested her file in its entirety. She further complains that she turned over to Ostrom and Sain "a folder labeled, 'last Will and Testament of Joseph E. Silvio,'" her father, which, she states, "contained our Father[']s Last Will and Testament

---

[2] Silvio's brief contains no citations to the record and, although she cites to legal authority, her legal argument is rambling and disjointed. It is thus at least arguable that she has failed to adequately brief her malpractice claim. *See* TEX. R. APP. P. 38.1(i): *see, e.g.*, *Dove v. Graham*, 358 S.W.3d 681, 685 (Tex. App.—San Antonio 2011, pet. denied) (court would not consider client's claim challenging propriety of order granting attorneys' motion to sever her claim for legal malpractice where she did not support claim with clear and concise argument or with citations to authorities or record in support of her claim); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) (holding that "pro se litigants are not exempt from the rules of procedure"); *Godfrey v. Sec. Serv. Fed. Credit Union*, 356 S.W.3d 720, 723 (Tex. App.—El Paso 2011, no pet.) (holding same and noting that allowing otherwise "could give a *pro se* litigant an unfair advantage over litigants represented by counsel").

and other necessary documents that would have completed the probate of his will." And she complains that she also made Ostrom and Sain aware of a "nasty" letter that was e-mailed to her by one of her siblings "at her then place of employment, which would reveal that they had received her certified letters, (that she was instructed to send by her then Attorney), that the furniture, car and jewelry all belonged to her and that Mother signed her Deed" and that she turned this letter over to Ostrom and Sain. That letter, likewise, is not part of the summary judgment record.

Silvio complains that all of this is new evidence and that it demonstrates that Ostrom and Sain "failed to plead the [statute] of limitations as an affirmative defense and, therefore, the limitation is waived as a defense leaving [Silvio] to go [through] court hearings and trial for 6 years, unnecessarily." She further complains that Ostrom and Sain "failed to bring forward evidence pertaining to the recorded Deeds of the property and failed to show evidence from the emailed letter as proof that her siblings were well aware that the [Decedent] had signed a Deed to [Silvio] and as a result that it is mentioned that [she] owned the furniture, jewelry, car etc. that there would have been no reason for [her] to forge a signature, fraud a *[sic]* title or be labeled as 'thief' of any kind." No evidence to substantiate Silvio's claims was before the trial court as part of the summary judgment evidence.

6

In addition, Silvio admits that she introduced no expert evidence as to her claims. She also claims that she was prejudiced by Ostrom and Sain's nonsuit of their contract claims because it has prevented her from bringing her legal malpractice suit.

The majority reverses and remands Silvio's malpractice case for trial. I would affirm.

## Summary Judgment

### A. *Standard of Review*

A defendant who moves for summary judgment must either (1) disprove at least one element of each of the plaintiff's causes of action or (2) conclusively establish each essential element of any affirmative defense, thereby rebutting the plaintiff's causes of action. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). To prevail on a traditional summary judgment motion, the movant must establish that there is no issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *SAS Inst. Inc. v. Breitenfeld*, 167 S.W.3d 840, 841 (Tex. 2005) (per curiam). There is no genuine issue of material fact and a matter is conclusively proven when reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). A defendant who conclusively negates at least one element of an opposing party's claim is entitled to summary judgment on that claim. *IHS Cedars*

*Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). If the movant establishes a right to summary judgment, the burden shifts to the nonmovant to raise a genuine issue of material fact to defeat summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Jane Doe 1 v. Pilgrim Rest Baptist Church*, 248 S.W.3d 831, 834 (Tex. App.—Dallas 2008, pet. denied).

In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we make all reasonable inferences in the nonmovant's favor. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "We affirm a traditional summary judgment if the evidence submitted in support of the motion and any response shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Jane Doe 1*, 248 S.W.3d at 834.

**B.    Legal Malpractice**

Ostrom and Sain alleged in their summary judgment motion that Silvio could not prove that any act of malpractice by them proximately caused damage to her and that they were therefore entitled to summary judgment on that claim. In

her first issue, Silvio argues that summary judgment should not have been entered against her on her malpractice claim.

"Legal malpractice may include an attorney's failure to exercise ordinary care in preparing, managing, and presenting litigation." *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 119 (Tex. 2004). When, as here, a plaintiff's alternative causes of action are essentially means to an end to achieve one complaint of legal malpractice, the causes of action are bundled together as one legal malpractice cause of action. *See Klein v. Reynolds, Cunningham, Peterson & Cordell*, 923 S.W.2d 45, 49 (Tex. App.—Houston [1st Dist.] 1995, no writ). I agree with the majority that, although Silvio asserted a number of counterclaims against Ostrom and Sain, her claims amount to a single claim of legal malpractice.

Complaints about an attorney's care, skill, or diligence in representation of a client implicate the duty of ordinary care and sound in negligence. *Rangel v. Lapin*, 177 S.W.3d 17, 22–24 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *Humphreys v. Delcourt*, No. 01-09-00025-CV, 2009 WL 5174245, at *5 (Tex. App.—Houston [1st Dist.] Dec. 31, 2009, no pet.) (mem. op.). The elements of legal malpractice are: (1) a legal duty owed by the attorney to the plaintiff; (2) breach of that duty; and (3) damages (4) proximately caused by the breach. *Alexander*, 146 S.W.3d at 117; *Rangel*, 177 S.W.3d at 22. If a legal malpractice claim arises from prior litigation, the plaintiff must prove that "but for" the

attorney's breach of his duty, the plaintiff would have prevailed in the underlying case. *Rangel*, 177 S.W.3d at 22. This is called the "suit-within-a-suit" requirement. *Id.*

When the plaintiff alleges that some failure on the attorney's part caused an adverse result in prior litigation, she must produce evidence from which a jury might reasonably infer that the attorney's conduct caused the damages alleged. *Alexander*, 146 S.W.3d at 117. Breach of the standard of care and causation are two separate inquiries, so that, even when negligence is admitted, causation is not presumed. *Id.* at 119. Moreover, the trier of fact must have some basis for understanding the causal link between the attorney's negligence and the harm allegedly suffered by the plaintiff. *Id.* If the issue is beyond the common understanding of a jury, expert testimony regarding causation is required. *Id.*; *Rangel*, 177 S.W.3d at 22. Specifically, the "wisdom and consequences" of making tactical decisions, such as which witnesses to call, what testimony to obtain, or when to cross-examine, are almost invariably matters of judgment, so that expert testimony is required to establish causation. *Alexander*, 146 S.W.3d at 119–20.

Here, Ostrom and Sain argued that they "were involved in the beginning of [Silvio's] suit, and put her in a good position to settle the case for less than the cost of litigating it fully." They asserted that Silvio "chose not to take that settlement

10

offer, and at trial lost because there was no consideration for either of the deeds, and no delivery for one of the deeds." They further argued:

> The injury that [Silvio] suffered was the loss of her case; no act or omission by [Ostrom and Sain] could have changed the fact that she did not pay consideration to her siblings or mother, nor could it have changed the fact that she could not establish delivery of the deed signed by her siblings. In the same vein, [Ostrom and Sain] could not have anticipated that anything they did, or did not do, would impact the facts supporting [Silvio's] siblings' suit against her.

Ostrom and Sain's evidence in support of their arguments at the trial court level included their detailed invoices showing services rendered to Silvio, including performing legal research, interviewing witnesses, taking depositions, hiring a handwriting expert, filing a motion for summary judgment on her behalf, and attending mediation. The summary judgment evidence also included an affidavit from Ostrom regarding the fees incurred and Silvio's failure to pay, which caused harm to the firm. Ostrom also averred that his firm was not representing Silvio at the time of the trial in the underlying case. Ostrom and Sain also attached, as summary judgment evidence, the declaratory judgment entered by the trial court in the underlying litigation declaring (1) that there was no delivery of the deed from her siblings to Silvio and (2) that there was no consideration to support either the deed from her siblings or the deed from her mother.

Ostrom and Sain point to the trial court's declaratory judgment declaring that Silvio's own actions and those of her siblings caused her loss as a matter of

law. Specifically, her siblings failed to deliver the deed to her, and she paid no consideration for either deed. The record also reflects that Ostrom and Sain attempted to establish delivery of the deed to support Silvio's claims and that they attempted to obtain evidence showing she had not forged the deed from her mother. Silvio fails to allege anything else that they could have done to protect her interests, and the record reflects that they did much more, including urging her to settle her claims once the weaknesses in her claims had been exposed.

This evidence established Ostrom and Sain's entitlement to judgment as a matter of law on Silvio's legal malpractice claim, based on their contention that she could not prove that any act of malpractice on their part proximately caused her to lose the underlying case. *See SAS Inst.*, 167 S.W.3d at 841 (holding that summary judgment movant must prove that no genuine issue of material fact exists to prevail on motion); *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 798 (defendant who conclusively negates at least one element of opposing party's claim is entitled to summary judgment on that claim). The burden then shifted to Silvio to raise a material fact issue as to causation to defeat summary judgment. *Centeq Realty, Inc.*, 899 S.W.2d at 197; *Jane Doe 1*, 248 S.W.3d at 834.

Silvio produced absolutely no argument, no authority, and no evidence to raise a material fact issue on the element of proximate cause, on which Ostrom and Sain's motion for summary judgment on her malpractice claim was based. She

merely recited a list of unrelated "facts" she claimed to have discovered and alleged that these would have changed the outcome of her case. She failed to point to a single act of malpractice committed by Ostrom and Sain, other than to allege that they had the "newly discovered" documents in their possession, including the document she claims to have found by combing the probate court's records and which, like the other documents, she fails to tie to any breach of duty by Ostrom and Sain.

Silvio's only other complaint, besides her allegation of newly discovered evidence, is that she lost her case below and was thereby harmed. She fails to tie the cause for her loss in the underlying case in any way to Ostrom and Sain—her initial attorneys, who were then followed by two other attorneys before she took over her representation herself.

Even if, for some reason, negligence on Ostrom and Sain's part is assumed, Silvio has produced absolutely no evidence—or even made any argument—from which a jury might reasonably infer that Ostrom and Sain's conduct proximately caused the damages alleged by Silvio, which, on appeal, appear to be the loss of a car, furniture, and jewelry that were not at issue in the underlying litigation; the loss of her claim to the interest in her mother's house that she contended her siblings deeded over to her, but which the trial court found had failed to be delivered to her; and the loss of her mother's interest in the house, which she was

13

ultimately awarded on appeal to this Court. *See Alexander*, 146 S.W.3d at 117. There is no proof whatsoever—much less proof sufficient to raise a genuine issue of material fact—that "but for" specified breaches of their duty by Ostrom and Sain, Silvio would have prevailed on the only claim on which she ultimately lost in the trial court—her claim that she was entitled to the deed to her siblings' share of their mother's house. *See Rangel*, 177 S.W.3d at 22.

Finally, even though Silvio complains about the strategies of Ostrom and Sain, she admits that she produced no expert evidence to support her claims that their actions fell below the ordinary standard of professional care or proximately caused her loss, and she has produced no other evidence that they did. Yet, if the issue is beyond the common understanding of a jury, as legal malpractice issues ordinarily are, expert testimony regarding causation is required. *See Alexander*, 146 S.W.3d at 119–20; *Rangel*, 177 S.W.3d at 22. Moreover, the "wisdom and consequences" of making tactical decisions are almost invariably matters on which expert testimony is required to establish causation, and these are precisely the type of decisions Silvio questions. *Alexander*, 146 S.W.3d at 119–20.

Ostrom and Sain have produced evidence from which a jury could reasonably infer that they did not cause Silvio's alleged injuries. Silvio has presented no evidence sufficient to raise a genuine issue of material fact as to her legal malpractice claim in general or the causation element of that claim in

14

particular. Therefore, I agree with the trial court that Ostrom and Sain conclusively disproved Silvio's malpractice claim as a matter of law and that she failed to produce even a scintilla of evidence to rebut their proof. Ostrom and Sain have, therefore, proved their entitlement to summary judgment. I would overrule Silvio's first issue.

## Nonsuit

In her second issue, Silvio alleges that she was prejudiced and could not bring her malpractice action because Ostrom and Sain nonsuited their claims for breach of contract and suit on a sworn account. First, Silvio has, in fact, ably challenged the summary judgment on her claim to the satisfaction of the majority of this panel, and she has obtained the holding of the majority that she is entitled to go to trial on her malpractice claim. So her argument as to her inability to pursue her claim because of Ostrom and Sain's nonsuit fails. *See CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.,* 390 S.W.3d 299, 300 (Tex. 2013) (per curiam) (requiring that non-suit must not prejudice right of adverse party to be heard on pending counterclaim for affirmative relief). Second, it is inconceivable to me that Silvio has been prejudiced in any other way by Ostrom and Sain's attempt to end this litigation by sacrificing the attorney's fees they have sworn she owes them. I would, therefore, overrule Silvio's second issue.

15

## Conclusion

I would affirm the trial court's summary judgment in favor of Ostrom and Sain on Silvio's legal malpractice claim.


Evelyn V. Keyes
Justice


Panel consists of Justices Keyes, Higley, and Massengale.

Justice Keyes, dissenting.