**Opinion issued December 6, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00012-CV

————————————

**BRYAN STALLWORTH, Appellant**

**V.**

**RANDALL AYERS, Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-53403**

---

## O P I N I O N

Appellant, Bryan Stallworth, sued his former appointed criminal counsel, appellee Randall Ayers, for breach of contract, breach of fiduciary duty, gross negligence, and violations of the Deceptive Trade Practices Act ("DTPA") arising

from his conviction in a criminal case. Ayers moved for dismissal under Texas Rule of Civil Procedure 91a, arguing that Stallworth's suit had no basis in law. The trial court granted the motion and dismissed the case. In two issues, Stallworth argues that Ayers breached his employment contract with Stallworth and breached his fiduciary duties to Stallworth.

We affirm.

## Background

In 2013, the State charged Stallworth with the offense of assault on a family member, second offense, by impeding breathing.[1] The criminal court appointed Ayers to represent Stallworth. Stallworth was ultimately convicted of that offense.

In September 2015, Stallworth, acting pro se, filed a civil suit against Ayers, alleging negligence in his representation of Stallworth during the criminal proceedings. Specifically, Stallworth alleged that he gave Ayers an affidavit from the complainant in the criminal case in which she recanted her allegations against Stallworth, but Ayers failed to inform the criminal court of this affidavit. Stallworth alleged that he faxed a copy of the complainant's affidavit to the criminal court. Stallworth also alleged that Ayers was negligent by "not confronting the State of the improper complaint under [Code of Criminal Procedure article] 15.05(2)." *See* TEX. CODE CRIM. PROC. ANN. art. 15.05(2) (West 2016) (requiring criminal complaint to

---

[1]     *See* TEX. PENAL CODE ANN. § 22.01(b–1) (West Supp. 2016).

2

"show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense"). Stallworth's original petition indicated that he was incarcerated at the time of filing. Stallworth did not allege that he had been exonerated—on direct appeal, by habeas corpus relief, or by some other method—of the assault offense.

Ayers moved to dismiss Stallworth's claims under Texas Rule of Civil Procedure 91a. Ayers argued that, even taking all of Stallworth's allegations as true, Stallworth's claim had no basis in law. Ayers cited the Texas Supreme Court's decision in *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995), for the proposition that a plaintiff may not maintain a legal malpractice cause of action against his former criminal attorney unless the plaintiff has been exonerated on direct appeal, by habeas corpus, or through some other post-conviction relief. Ayers argued that Stallworth's petition demonstrated that he was incarcerated and that he had not been exonerated. He contended that "Stallworth's incarceration is due to his criminal conduct and not anything Ayers allegedly did or did not do," and thus Stallworth could not establish the proximate cause element of his negligence claim. Ayers requested that the trial court dismiss Stallworth's suit and award Ayers his attorney's fees and costs.

Stallworth then amended his petition and asserted claims for breach of contract, breach of fiduciary duty, gross negligence, and violation of the DTPA. Stallworth again alleged that Ayers failed to inform the criminal court of the complainant's affidavit and failed to challenge the sufficiency of the complaint, and he also made several other allegations of deficient performance, including that Ayers failed to request medical records and failed to move for a speedy trial. Stallworth alleged that he did not commit any criminal act, that he had a right to sue Ayers even if he had not been exonerated, and that he would not be incarcerated but for Ayers' breach of his employment contract. Stallworth attached the complainant's affidavit, as well as a letter that he faxed to the criminal court along with the affidavit.

The trial court granted Ayers' Rule 91a motion and dismissed all of Stallworth's claims with prejudice. The trial court also ordered that Ayers recover $1,000 in attorney's fees. This appeal followed.

**Dismissal Under Rule 91a**

In his first issue, Stallworth contends that the trial court should not have dismissed his breach of contract claim because Ayers was "bound by contract with [Stallworth] during court proceedings." In his second issue, Stallworth contends that Ayers breached his fiduciary duties and is liable to Stallworth in both contract and tort. We consider these issues together.

4

## A.    Standard of Review

Rule 91a provides that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1.  A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the plaintiff to the relief sought. *Id.*  This Court has noted that a cause of action has no basis in law under Rule 91a in at least two situations: (1) the petition alleges too few facts to demonstrate a viable, legally cognizable right to relief; and (2) the petition alleges additional facts that, if true, bar recovery. *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).  The trial court must determine the motion "based solely on the pleading of the cause of action, together with any pleading exhibits permitted by" the rules of civil procedure.  TEX. R. CIV. P. 91a.6; *Dailey v. Thorpe*, 445 S.W.3d 785, 788 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

We review a trial court's ruling dismissing a case under Rule 91a de novo. *Walker v. Owens*, 492 S.W.3d 787, 789 (Tex. App.—Houston [1st Dist.] 2016, no pet.).  We construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

## B.     *Whether Trial Court Properly Dismissed Stallworth's Claims*

As an initial matter, we must determine the nature of Stallworth's claims.  On appeal, Stallworth complains that the trial court erred in dismissing his causes of action for breach of contract and breach of fiduciary duty against Ayers, his former appointed criminal counsel.  He therefore argues that his claims against Ayers sound in both contract and tort.  Ayers, however, argues that Stallworth's breach of contract and breach of fiduciary duty claims both complain about the quality of his legal work and are therefore actually legal malpractice claims.

Texas law does not permit a client to divide or fracture his legal malpractice claims into additional causes of action.  *Goffney v. Rabson*, 56 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).  When deciding whether an allegation states a claim for negligence or for another cause of action, we are not bound by the party's characterization of the pleadings.  *Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, LLP*, 404 S.W.3d 75, 82 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  "If the gist of a client's complaint is that the attorney did not exercise that degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess, then that complaint should be pursued as a negligence claim, rather than some other claim."  *Futch v. Baker Botts, LLP*, 435 S.W.3d 383, 387 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  A cause of action that arises out of bad legal advice or improper representation is legal malpractice.

6

*Rangel v. Lapin*, 177 S.W.3d 17, 24 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *see also Murphy v. Gruber*, 241 S.W.3d 689, 693 (Tex. App.—Dallas 2007, pet. denied) ("For example, a lawyer can commit professional negligence by giving an erroneous legal opinion or erroneous advice, by delaying or failing to handle a matter entrusted to the lawyer's care, or by not using a lawyer's ordinary care in preparing, managing, and prosecuting a case.").

In his amended complaint, Stallworth asserted claims for breach of contract, breach of fiduciary duty, gross negligence, and DTPA violations against Ayers.[2] Stallworth alleged that he gave Ayers a copy of an affidavit by the complainant in which she recanted the allegations against Stallworth, but Ayers did not investigate the affidavit or inform the criminal court of this affidavit. Stallworth alleged that Ayers did not request photographs or medical records, that he did not move for a speedy trial, that Ayers was "'milking the system' for financial gain," that Ayers told him to plead guilty or he would receive "25 years to life" as punishment, that Ayers did not challenge the sufficiency of the charging instrument, that he was improperly sentenced for a second degree felony instead of a third degree felony, and that he was innocent of the charged offense. Stallworth also alleged that "he

---

[2] We note that in his original petition, Stallworth asserted only a negligence cause of action against Ayers.

7

would not be incarcerated if [Ayers] did not [b]reach the [c]ontract that bound [Ayers] to his duties." Stallworth did not specify the damages that he sought.

Although Stallworth asserted separate claims for breach of contract and breach of fiduciary duty, the essence of Stallworth's claims is that Ayers failed to provide adequate legal representation to him during the course of the criminal proceedings against him and as a result, he was improperly convicted.[3] Stallworth specifically argues in his appellate brief that Ayers breached his contract with Stallworth by failing to comply with "the oath taken to represent all clients to the best of [Ayers'] ability" and that if Ayers had not breached his contract with Stallworth, Stallworth would not have been convicted. Stallworth's claims focus on actions that Ayers allegedly failed to take which, he contends, resulted in his criminal conviction. Despite labeling his claims as claims for breach of contract and breach of fiduciary duty, Stallworth's claims are a "'means to an end' to complain of legal malpractice." *See Rangel*, 177 S.W.3d at 24; *see also Haase*, 404 S.W.3d at 82

---

[3] A claim for breach of fiduciary duty by a lawyer "involves the 'integrity and fidelity' of an attorney and focuses on whether an attorney obtained an improper benefit from representing the client." *Murphy v. Gruber*, 241 S.W.3d 689, 693 (Tex. App.—Dallas 2007, pet. denied) (quoting *Gibson v. Ellis*, 126 S.W.3d 324, 330 (Tex. App.—Dallas 2004, no pet.)). "An attorney breaches his fiduciary duty when he benefits improperly from the attorney-client relationship by, among other things, subordinating his client's interest to his own, retaining the client's funds, engaging in self-dealing, improperly using client confidences, failing to disclose conflicts of interest, or making misrepresentations to achieve these ends." *Id.* (quoting *Gibson*, 126 S.W.3d at 330). Stallworth alleged no facts to support his contention that Ayers breached the fiduciary duties that he owed to Stallworth.

("The rule against fracturing provides that a claimant for legal malpractice may not opportunistically transform a claim sounding in negligence into separate non-negligence causes of action."). We therefore agree with Ayers that Stallworth's separate claims are actually legal malpractice claims.

Having determined that Stallworth's claims are, in reality, legal malpractice claims, we now turn to whether the trial court correctly determined that Stallworth's claims have no basis in law under Rule 91a. "To prevail on a legal malpractice claim, the plaintiff must prove the defendant owed the plaintiff a duty, the defendant breached that duty, the breach proximately caused the plaintiff's injury, and the plaintiff suffered damages." *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009). When the plaintiff alleges that a failure on the attorney's part caused an adverse result in prior litigation, "the plaintiff must produce evidence from which a jury may reasonably infer that the attorney's conduct caused the damages alleged." *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 117 (Tex. 2004). Specifically, if the legal malpractice claim arises from prior litigation, "a plaintiff must prove that, but for the attorney's breach of his duty, the plaintiff would have prevailed in the underlying case." *Grider v. Mike O'Brien, P.C.*, 260 S.W.3d 49, 55 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

In *Peeler v. Hughes & Luce*, the Texas Supreme Court addressed whether a plaintiff who had been convicted of a crime could sue her former attorney in the criminal matter. 909 S.W.2d at 495. After a lengthy investigation, Peeler faced twenty-one counts of various federal fraud charges. *Id.* at 496. Peeler pleaded guilty to one count, and the United States dropped the remaining charges against her. *Id.* Peeler later sued her former attorneys for DTPA violations, legal malpractice, breach of contract, and breach of warranty after she learned that during the investigation, the United States attorney had offered her full transactional immunity but her attorney did not communicate this offer to her. *Id.* Hughes & Luce moved for summary judgment on her claims, arguing that Peeler's own criminal conduct was the sole proximate cause of her damages. *Id.* The trial court rendered summary judgment in favor of Hughes & Luce. *Id.*

A four-justice plurality of the Texas Supreme Court[4] held that "plaintiffs who have been convicted of a criminal offense may negate the sole proximate cause bar to their claim for legal malpractice in connection with that conviction *only if* they

---

[4]    In addition to the four justices who joined the plurality opinion, Justice Hightower concurred in the result but wrote separately to address the conduct of Peeler's former attorneys. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 500 (Tex. 1995) (Hightower, J., concurring). Justice Hightower stated, "Even though the Court concludes that Peeler's own conduct is the sole proximate or producing cause of her indictment and conviction, the holding today should not be perceived as condoning the alleged conduct of Hughes & Luce and Jordan which, *if true*, is reprehensible and unconscionable." *Id.* (emphasis in original). Justice Hightower did not, as Stallworth contends, dissent in part or join the dissenting opinion.

have been exonerated on direct appeal, through post-conviction relief, or otherwise."

*Id.* at 497–98 (emphasis added). The court stated:

> While we agree with the other state courts that public policy prohibits convicts from profiting from their illegal conduct, we also believe that allowing civil recovery for convicts impermissibly shifts responsibility for the crime away from the convict. This opportunity to shift much, if not all, of the punishment assessed against convicts for their criminal acts to their former attorneys, drastically diminishes the consequences of the convicts' criminal conduct and seriously undermines our system of criminal justice.

*Id.* at 498. The court noted that both a negligence cause of action and a cause of action for DTPA violations require the plaintiff to prove causation—proximate cause for negligence and producing cause for DTPA violations—and "cause in fact" is an element of both tests of causation. *Id.* The court stated, "We therefore hold that, as a matter of law, it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing from the conviction, unless the conviction has been overturned." *Id.* The court concluded that because Peeler had not been exonerated, "her illegal acts remain the sole proximate and producing causes of her indictment and conviction as a matter of law." *Id.*

In his appellate brief, Stallworth cites language from *Peeler* suggesting that "an official government document" demonstrating his innocence is enough to overcome the sole-proximate-cause bar and that a formal exoneration is not necessary. This language can be found in Chief Justice Phillips's dissenting opinion in *Peeler*, not in the plurality opinion, and thus is not binding authority. In *Peeler*,

11

the summary judgment proof included an affidavit from the prosecuting attorney describing the offer of transactional immunity communicated to Peeler's attorney. *Id.* In Chief Justice Phillips's opinion, in light of this affidavit, Peeler did not need to establish that she had been exonerated "in order to prove with a high degree of certainty that her attorneys' conduct resulted in her indictment and conviction." *Id.* at 501 (Phillips, C.J., dissenting). Chief Justice Phillips advocated for a slightly relaxed version of the plurality's holding and stated,

> Summary judgment still would be proper for a convicted criminal's former attorney, however, unless the plaintiff can provide testimony from a current or former prosecutor, *an official government document*, or some other evidence that meets this stringent burden, together with further proof that the offer would have made a difference but for the attorney's conduct.

*Id.* at 502 (emphasis added).

Stallworth argues that the "official government document" in this case is the fax cover letter and the letter that he sent to the criminal court along with the complainant's affidavit recanting the allegations against Stallworth. We first note that reliance upon an official government document in the absence of a formal exoneration was not the standard adopted by a majority of the Texas Supreme Court in *Peeler*, and therefore it is not the standard that we apply in this case. *Peeler* requires a plaintiff to demonstrate that he has been "exonerated on direct appeal, through post-conviction relief, or otherwise" to negate the sole proximate cause bar on a legal malpractice claim. *Id.* at 498 (plurality opinion). Stallworth's pleadings

12

demonstrate that he has not been exonerated for the underlying offense. Second, the documents that Stallworth attempts to rely on to show his innocence are (1) a cover letter showing that he successfully faxed a document to the criminal court; (2) a letter from Stallworth to the criminal court in which he explains that he faxed the complainant's affidavit; and (3) the complainant's affidavit. These documents were all generated by Stallworth or the complainant, not by the criminal court. None of these documents are "official government" documents of the type contemplated by Chief Justice Phillips's dissent in *Peeler*.

The Texas Supreme Court has not revisited the substance of its holding in *Peeler*. The Fourteenth Court of Appeals has stated that it applies an "expansive interpretation of the doctrine articulated in *Peeler*," noting that it has applied *Peeler* to claims of legal malpractice, breach of contract, breach of fiduciary duty, and requests for fee forfeiture. *Wooley*, 447 S.W.3d at 77–78; *Futch*, 435 S.W.3d at 391 (noting that court had previously held that "the *Peeler* doctrine applies to claims based on allegedly actionable conduct connected with the conviction"). In *Wooley*, the Fourteenth Court applied *Peeler* in the context of reviewing a Rule 91a dismissal order and held that because Wooley's causes of actions were "barred as a matter of law under this court's expansive interpretation of the *Peeler* doctrine," the causes of action had no basis in law or fact, and the trial court did not err in granting the Rule 91a motion to dismiss. 447 S.W.3d at 78.

Here, the criminal court appointed Ayers to defend Stallworth against an assault charge. Stallworth was convicted of this offense and received a prison sentence. Stallworth's original petition and his amended petition indicated that he was incarcerated at the time of filing both petitions.[5] In his amended petition, filed after Ayers moved to dismiss the case pursuant to Rule 91a, Stallworth acknowledged that he had not been exonerated, stating, "Plaintiff claims that he does have the right to sue the defendant for the claims stated above [breach of contract, breach of fiduciary duty, gross negligence, and DTPA violations] even if he is not exonerated." Because Stallworth has not been exonerated for the underlying offense—whether on direct appeal, by habeas corpus relief, or otherwise—his criminal conduct is the cause in fact of his conviction, and his claims against Ayers are barred as a matter of law under *Peeler*. *See* 909 S.W.2d at 498; *Wooley*, 447 S.W.3d at 78. As a result, Stallworth's claims against Ayers have no basis in law. *See* TEX. R. CIV. P. 91a.1; *Wooley*, 447 S.W.3d at 78. We therefore hold that the trial court did not err in granting Ayers' motion to dismiss and dismissing Stallworth's claims.

We overrule Stallworth's first and second issues.

---

[5]     In his reply brief, Stallworth informed this Court that he has been released from confinement for the underlying offense.

14

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Lloyd.

15