

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00374-CV

———————————————————

FIAMMA STATLER, LP; FIAMMA PARTNERS, LLC; AND FIAMMA
MANAGEMENT GROUP, LLC, Appellants and Appellees

V.

MATTHEW D. CHALLIS AND JEFFERIES, LLC, Appellees and Appellants

---

On Appeal from the 342nd District Court and the 141st District Court
Tarrant County, Texas
Trial Court Nos. 342-303752-18, 342-294034-17, and 141-294034-17

---

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Concurring and Dissenting Memorandum Opinion by Chief Justice Sudderth

## CONCURRING AND DISSENTING MEMORANDUM OPINION

I respectfully concur and dissent.

To merit dismissal under Texas Rule of Civil Procedure 91a, a claim must have no basis in law, no basis in fact, or both. Tex. R. Civ. P. 91a.2. A claim has no basis in law if, despite its factual allegations, the claimant is not entitled to the legal remedy sought. *See* Tex. R. Civ. P. 91a.1. Our sister courts have identified two ways this can occur: (1) the petition alleges too few facts to provide fair notice of a legally cognizable right, or (2) the petition pleads facts that bar recovery. *See Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied); *DeVoll v. Demonbreun*, No. 04-14-00116-CV, 2014 WL 7440314, at *3 (Tex. App.—San Antonio Dec. 31, 2014, no pet.).

I do not embrace the majority's approach of requiring a claimant to painstakingly allege facts as to each element of a cause of action. Instead, I would hold that a claimant simply be required through its pleadings to provide sufficient facts to put its opponent on fair notice of its cause of action. And, if such cause of action is cognizable under the law, then it should survive a Rule 91a dismissal (although it may not survive a no-evidence motion for summary judgment). A factual contention—and the evidence supporting it—can be more fully fleshed out in the discovery process.

2

As to Fiamma's three causes of action, I (1) concur that Fiamma's fraud claim was properly dismissed under Rule 91a, but disagree as to the reason, (2) concur that Fiamma's aiding and abetting claim was properly dismissed under Rule 91a, but disagree as to the reason, and (3) disagree that Fiamma's conspiracy claim was properly dismissed under Rule 91a.

As to the fraud action, the majority appears to hold that to withstand a Rule 91a motion to dismiss, Fiamma must have alleged facts showing that the Underwriters "made any misrepresentations directly to Fiamma or indirectly to a third party that were subsequently relied on by Fiamma." I disagree that Fiamma was required to plead these particular facts; instead, I would hold that Fiamma pleaded enough facts to apprise the Underwriters of the basis of its claim, thus meeting the fair notice standard. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224–25 (Tex. 2017) (noting that the fair notice standard requires only that the pleadings provide sufficient information from which a party may ascertain "the nature and basic issues of the controversy and what testimony will be relevant," such that the party is able to "prepare a defense or a response").

I concur in the result because here Fiamma went beyond the fair notice standard and actually pleaded one too many facts—a fact that, if true, would bar its recovery. In its petition, Fiamma negates the reliance element of its fraud action by admitting that it had not even reviewed the alleged misrepresentation in the offer

3

prior to the sale. Thus, the facts in Fiamma's pleadings, if taken as true, negated its fraud action and could not survive a Rule 91a challenge.

With regard to the aiding and abetting action, I concur in the result but for the reason relied upon by the Texas Supreme Court in upholding a summary judgment on the aiding and abetting action in *Juhl v. Airington*. 936 S.W.2d 640 (Tex. 1996). In its 1996 opinion, the supreme court acknowledged that whether aiding and abetting is a recognized cause of action in Texas jurisprudence was an open question. *Id.* at 643. Twenty-five years later, it remains an open question. *First United Pentecostal Church of Beaumont*, 514 S.W.3d at 224 (noting that "this Court has not expressly decided whether Texas recognizes a cause of action for aiding and abetting"). In *Juhl*, the supreme court pointed out that even assuming that aiding and abetting is a recognized cause of action in Texas, the conduct complained of in *Juhl*, "was simply not the type of highly dangerous, deviant, or anti-social group activity which was likely to cause serious injury or death to a person or certain harm to a large number of people." *Juhl*, 936 S.W.2d at 644–45 (noting that "[t]he purpose of the [aiding and abetting] theory is to deter antisocial or dangerous behavior" and has been reserved for "conduct posing a high degree of risk to others," such as participating in drag racing, target shooting with high powered rifles, and aiding a driver in becoming intoxicated).

Because, on the face of Fiamma's pleadings, it is evident that the conduct Fiamma complains of would not pose a high degree of risk to others, I would hold

4

that aiding and abetting was not a cause of action available to Fiamma. For that reason, I would affirm the dismissal of this cause of action under Rule 91a.

As to the conspiracy-to-commit-fraud action, I concur for the reasons set forth above. Because I would conclude that Fiamma's pleadings negated its fraud claim, Fiamma cannot prevail on a conspiracy-to-commit fraud action.

But as to the conspiracy-related breach-of-fiduciary-duty claim, I respectfully dissent. Fiamma pleaded that while the Underwriters could have prevented the Centurion Defendants' breach of fiduciary duty, they stood to benefit from the malfeasance, elected not to stop it, and, in fact, "coerced, enticed, and cajoled the Centurion Defendants to engage in such wrongful conduct." Because the Underwriters "ignored or encouraged such malfeasance," Fiamma claimed that they "creat[ed] for themselves responsibility for damages and disgorgement." I would hold that this pleading provided fair notice of Fiamma's conspiracy-related breach-of-fiduciary-duty claim, leaving the "how" and "why" to be sorted out in discovery and perhaps in a summary judgment context. As to this cause of action, I would reverse the trial court's dismissal.

For these reasons, I respectfully concur and dissent.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: October 29, 2020

5