# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-24-00047-CV

---

Scarlett Robbins,
Appellant

v.

State Farm Life Insurance Company,
Appellee

---

On appeal from the
13th District Court of Navarro County, Texas
Judge James E. Lagomarsino, presiding
Trial Court Cause No. D23-31789-CV

---

JUSTICE SMITH delivered the opinion of the Court.

### MEMORANDUM OPINION

Scarlett Robbins appeals from the trial court's order granting State Farm Life Insurance Company's Rule 91a motion to dismiss and dismissing with prejudice all of Scarlett's claims against State Farm. In five issues Scarlett argues that: (1) her claims have a basis in law and fact, (2) the trial court erred by finding State Farm's affirmative defense was established by her first amended petition, (3) she did not receive proper notice of the hearing on

State Farm's motion to dismiss, (4) State Farm's motion to dismiss does not comply with Rule 91a of the Texas Rules of Civil Procedure, and (5) the trial court erred by severing her claims against State Farm. We affirm.

## Background

There is an ongoing dispute between Scarlett Robbins, James Robbins, and Howard LeJeune. LeJeune was insured under two State Farm life insurance policies—Policy LF-1197-8322 with a face value of $201,592 and Policy LF-1272-6541 with a face value of $200,000. In 2009, LeJeune signed over ownership of both policies to Scarlett, and she designated herself as beneficiary of both policies. LeJeune later filed suit against Scarlett and James alleging several causes of action and seeking monetary damages, a declaratory judgment, and temporary and permanent injunctive relief. *LeJeune v. Robbins*, No. 10-16-00360-CV, 2021 WL 824991, at *1 (Tex. App.—Waco Mar. 3, 2021, no pet.) (mem. op.). On March 21, 2016, Scarlett, James, and LeJeune, entered into a written contract that provided LeJeune would pay Scarlett $75,000 for Policy 6541 and Policy 8322 would remain as Scarlett's property. LeJeune appealed to this court arguing that the trial court erred in rendering judgment on the Settlement Agreement because the Settlement Agreement was incomplete and contested. *Id*. at *2. This court held that the trial court

erred in rendering judgment on the Settlement Agreement and remanded the case to the trial court. *Id*. at *4.

In 2021, Scarlett filed suit against James and LeJeune for breach of contract. LeJeune died on November 2, 2022, while that case was still pending. There are also pending probate proceedings for LeJeune in Dallas County.

At the time of LeJeune's death, the payable benefits for the State Farm policies were $402,920.84 for Policy 6541 and $408,032.85 for Policy 8322. The policies accrue interest daily. On November 15, 2022, State Farm received notice from a representative of LeJeune's estate requesting that State Farm not pay any claims under Policy 6541 and Policy 8322. Subsequently on December 6, 2022, Scarlett submitted a claim to State Farm for the proceeds of both policies. After receiving the competing claims, State Farm filed a federal interpleader action on March 17, 2023, in the U.S. District Court for the Northern District of Texas. Scarlett then filed an amended petition in her suit against James and LeJeune, adding State Farm as a defendant and alleging causes of action for breach of contract, violation of the Texas Prompt Pay Act, and declaratory judgment.

State Farm filed a Rule 91a motion to dismiss arguing that Scarlett's pleading openly admits facts that bar recovery and that the interpleader action is a defense to Scarlett's claims. After a hearing, the trial court signed an order

granting State Farm's Rule 91a motion to dismiss. The trial court further signed an order severing Scarlett's claims against State Farm from those against James and LeJeune.

Scarlett filed a motion to reconsider, and the trial court held a hearing on her motion. The trial court sent a letter granting Scarlett's motion to reconsider but did not sign an order to that effect.[1] Scarlett filed a notice of appeal from the trial court's order granting State Farm's Rule 91a motion to dismiss and from the trial court's severance order. This court determined that we have jurisdiction of Scarlett's appeal.

### Standard of Review

Texas Rule of Civil Procedure 91a allows a party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts as alleged is a question of law. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724-25 (Tex. 2016) (per curiam).

---

[1] The parties agree that trial court's letter granting the motion to reconsider occurred after the trial court's plenary power expired. *See* TEX. R. CIV. P. 329b.

## Dismissal of Scarlett's Claims

In her first issue, Scarlett argues that the trial court erred in dismissing her claims under Rule 91a because the claims have a basis in law and in fact. In her second issue, she argues that the trial court erred in finding State Farm's affirmative defense was established by her amended petition.

In her amended petition, Scarlett alleged a claim for breach of contract stating that (1) State Farm entered into two contracts for life insurance by which it agreed to insure the life of LeJeune, (2) by the terms of the agreement, State Farm agreed to pay her the benefits under both policies, (3) LeJeune died, (4) she submitted a claim for the proceeds of both policies, and (5) State Farm refused to pay the benefits to her. She also alleged that the failure of State Farm to pay her the proceeds violated the Texas Prompt Pay Act. She further sought declaratory relief arguing that she is entitled to receive the policy benefits rather than James or LeJeune's estate. Scarlett's amended petition acknowledged that State Farm had received a letter from an attorney representing LeJeune's estate requesting that State Farm not pay any claims under the policies and that she had filed a claim with State Farm for the proceeds of the policies. She further admitted that State Farm had filed a federal interpleader action on March 17, 2023, after receiving her claim to the policies and notice from LeJeune's estate not to pay under the policies.

A cause of action has no basis in law under Rule 91a in at least two situations: (1) the petition alleges too few facts to demonstrate a viable, legally cognizable right to relief, and (2) the petition alleges additional facts that, if true, bar recovery. *Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.). State Farm alleged in its Rule 91a motion to dismiss that Scarlett's amended petition alleged facts that bar recovery.

State Farm argued in its motion to dismiss that because Scarlett's amended petition showed that interpleader was proper, the interpleader operated as a defense to her claims. Rule 91a limits a court's factual inquiry to the plaintiff's pleadings but does not so limit the court's legal inquiry. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020). In deciding a Rule 91a motion, a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court. *Id.* Rule 91a permits motions to dismiss based on affirmative defenses "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* (quoting TEX. R. CIV. P. 91a.1).

The purpose of interpleader is to allow an innocent stakeholder facing rival claims to let the courts decide who is entitled to the funds and relieve itself of the risk of multiple liability. *Petro Source Partners, Ltd. v. 3-B*

*Rattlesnake Ref. (1990), Ltd.*, 905 S.W.2d 371, 375 (Tex. App.—El Paso 1995, *writ denied*). A party faced with competing claims obtains a discharge of liability to the competing claimants by interpleading the funds. *Id.*

State Farm's Rule 91a motion to dismiss stated that it had filed an interpleader in federal court as well as an unconditional tender of the disputed funds. The motion explained that if the disputed funds are not actually paid into the registry of the court, they must be tendered and the tender must be unconditional to be valid. *Cockrum v. Cal-Zona Corp.*, 373 S.W.2d 572, 574 (Tex. Civ. App.—Dallas 1963, no writ). However, only an unconditional tender, not an actual deposit is required. *Heggy v. Am. Trading Employee Ret. Account Plan*, 123 S.W.3d 770, 776 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

Rule 91a permits motions to dismiss based on affirmative defenses if the allegations in the plaintiff's petition, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *See Bethel*, 595 S.W.3d at 656. Therefore, we must determine whether the facts in Scarlett's amended petition entitle her to relief. *Id.* Scarlett's amended petition acknowledges that State Farm received both a letter from an attorney representing LeJeune's estate requesting that State Farm not pay any claims on the insurance policies and her claim requesting the proceeds from the insurance policies. Her petition states that after receiving the competing

requests, State Farm filed a federal interpleader action. A party faced with competing claims obtains a discharge of liability to the competing claimants by interpleading the funds. *Heggy,* 123 S.W.3d at 775. Thus, the interpleader action and unconditional tender discharged State Farm from liability to the competing claims. *Id.* Taking Scarlett's allegations as true, the trial court determined that she was not entitled to the relief sought because the federal interpleader barred her claims. *See Bethel*, 595 S.W.3d at 656.

Although Scarlett argues that the trial court was required to accept as true her statements that the federal interpleader was improper because State Farm was not in the position of an innocent stakeholder, the trial court was not required to take as true her legal conclusion. *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 605 (Tex. App.—Corpus Christi-Edinburgh 2017, no pet.). Moreover, after the trial court's order granting State Farm's Rule 91a motion to dismiss, the federal court determined that State Farm met the requirements of an interpleader and granted State Farm's request to deposit the interpleaded funds from the two policies into the registry of the court. Order Granting Interpleader, *State Farm Life Ins. Co. v. Wisocki*, No. 3:23-cv-00597 (N.D. Tex. Mar. 28, 2024), ECF No. 37.

We hold that the trial court did not err by finding that State Farm's affirmative defense was established and granting the Rule 91a motion to dismiss. We overrule Scarlett's first and second issues.

**Notice of Hearing**

In her third issue, Scarlett argues that she did not receive proper notice of the hearing on State Farm's Rule 91a motion to dismiss. Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. TEX. R. CIV. P. 91a.6. The court may, but is not required to, conduct an oral hearing on the motion. *Id.*

State Farm filed its Rule 91a motion to dismiss on June 12, 2023, and served the motion on Scarlett that same day. Scarlett's counsel stated on the record that he received the motion on June 12, 2023, and read the motion that day. The motion contained a blank notice of hearing. The record indicates that on June 20, 2023, the motion was set for a hearing on July 5, 2023. That notice was filed on June 20, 2023, but the certificate of service for that notice indicates it was served on June 12, 2023. Scarlett contends that she did not receive notice that the hearing was set until July 3, 2023—two days before the hearing. Scarlett's counsel filed a response to the Rule 91a motion to dismiss on July 3, 2023, and appeared at the hearing.

"To preserve a notice complaint, a party must bring the lack of adequate notice to the trial court's attention at the hearing and object to the hearing going forward or move for a continuance." *Odam v. Texans Credit Union,* No. 05-16-00077-CV, 2017 WL 3634274, at *4 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.). "If a party receives notice that is untimely, but is sufficient to enable the party to attend the hearing, the party must file a motion for continuance or raise the complaint of late notice before the trial court during the hearing." *Id.* "Only when a party is not given notice of the hearing, or a party is deprived of its right to seek leave to file affidavits or other written response, may he preserve error in a post-trial motion." *Id.* If a party preserves its complaint of late notice for appeal, then the party must also be able to show on appeal that harm resulted. *See* TEX. R. APP. P. 44.1; *Lempar v. Ballantyne*, No. 04-22-00621-CV, 2023 WL 8896917, at *5 (Tex. App.—San Antonio Dec. 27, 2023, no pet.) (mem. op); *Davis v. Kaufman Cnty.*, 195 S.W.3d 847, 852 (Tex. App.—Dallas 2006, no pet.).

At the hearing, Scarlett's counsel objected that he did not receive 14 days' notice of the hearing, but did not request a continuance or object to the hearing going forward. Scarlett's counsel admitted that he received State Farm's Rule 91a motion to dismiss on June 12, 2023, 23 days before the hearing, and that he read the motion on that day. Counsel filed a response to the motion,

appeared at the hearing, and presented a lengthy argument in opposition to the Rule 91a motion to dismiss. On this record, Scarlett has not demonstrated that she was harmed by any error in the failing to provide 14 days' notice of the hearing. *See Lempar*, 2023 WL 8896917, at *5. We overrule Scarlett's third issue.

## Sufficiency of the Rule 91a Motion to Dismiss

In her fourth issue, Scarlett argues that State Farm's Rule 91a motion to dismiss did not specifically state the reasons that her cause of action has no basis in law, no basis in fact, or both. A motion to dismiss must (1) state that it is made pursuant to Rule 91a, (2) identify each cause of action to which it is addressed, and (3) must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both. TEX. R. CIV. P. 91a.2.

Scarlett first argues that State Farm's motion was deficient because it did not specifically identify the cause of action for her claim under the Texas Prompt Pay Act. In its motion, State Farm argued that interpleader was a complete defense to Scarlett's claims and that the trial court should dismiss her claims against State Farm. State Farm specifically stated that Scarlett's "claims and causes of action against State Farm Insurance Company" should be dismissed pursuant to Rule 91a. State Farm was not required to list each cause of action separately because it challenged their collective viability.

*Cooper v. Trent*, 551 S.W.3d 325, 331 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Scarlett next contends that State Farm did not argue that the claims had no basis in law or fact. State Farm argued that the federal interpleader action barred recovery for Scarlett's claims. A cause of action has no basis in law under Rule 91a when the petition alleges additional facts that, if true, bar recovery. *Stallworth*, 510 S.W.3d at 190. Thus, State Farm's motion argued that Scarlett's claims had no basis in law. Rule 91a does not require magic words to meet the requirement to specifically state the reasons the cause of action has no basis in law, fact, or both. *Cooper*, 551 S.W.3d at 330. We conclude that State Farm sufficiently complied with the requirements of Rule 91a.2. *Id.* at 331. We overrule Scarlett's fourth issue.

### Severance

In her fifth issue, Scarlett maintains that the trial court erred by severing her claims against State Farm into a separate cause of action. The trial court ordered that Scarlett's claims against State Farm be severed from the cause of action against James and LeJeune and placed under a new cause number.

Under the Texas Rules of Civil Procedure, any claim against a party may be severed and proceeded with separately. TEX. R. CIV. P. 41. We review the

trial court's decision to grant State Farm's motion to sever for an abuse of discretion. *See Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex. 1996). A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Oper. Co.,* 793 S.W.2d 652, 658 (Tex. 1990).

Scarlett specifically argues that her claims against State Farm are interwoven with the remaining cause of action because they arise from the same facts as those against LeJeune and James; who is entitled to the proceeds of the insurance policies? However, State Farm does not claim it is entitled to the funds. State Farm filed an interpleader action to deposit the proceeds of the insurance policies into the court's registry. A party faced with competing claims obtains a discharge of liability to the competing claimants by interpleading the funds. *Petro Source Partners,* 905 S.W.2d at 375. Therefore, Scarlett's claim against State Farm is not so interwoven with her remaining claims against LeJeune and James as to make severance improper. We conclude that the trial court did not abuse its discretion in severing

Scarlett's claims against State Farm into a separate cause of action. We overrule Scarlett's fifth issue.

## Conclusion

Having overruled all of Scarlett's issues, we affirm the trial court's judgment.[2]

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  April 17, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
CV06



---

[2] All pending motions are dismissed as moot.