Opinion issued December 31, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-24-00039-CV

———————————————

**THOMAS SIMON, Appellant**

**V.**

**HANNAH ROBYN BARRUM, Appellee**

---

**On Appeal from the 459th District Court**
**Travis County, Texas**
**Trial Court Case No. D-1-GN-23-004568**

---

## MEMORANDUM OPINION

Proceeding pro se, Appellant Thomas Simon appeals the Texas Rule of Civil Procedure 91a dismissal of his claims arising out of a motor vehicle collision in his driveway. *See* TEX. R. CIV. P. 91a.

We affirm in part, reverse in part, and remand.[1]

## Background

Simon lives in a residential complex where multiple units are served by a single driveway. A sign in the driveway states that parking is for residents only.

During the daylight hours of August 9, 2022, Appellee Hannah Robyn Barrum was using her vehicle to make a food delivery to Unit A of Simon's complex. Barrum pulled her car into the common driveway. As she did so, Simon, who lives in Unit C, was backing his car out of his garage. Simon alleges that, "[b]efore exiting the garage, [he] did not see [Barrum's] vehicle and due to the topography of the driveway was unable to see [Barrum's] vehicle while exiting the garage," although he alleges Barrum could "clearly see" him.

Simon's car collided with Barrum's car as he was backing out, allegedly resulting in $875.76 in damage to Simon's car. Simon alleges Barrum's car was "heavily damaged" prior to the collision, and that she made no effort to warn him of the impending collision as he was backing out of his garage.

Barrum, who has the same insurer as Simon, filed a claim under Simon's policy. The insurer resolved the claim by making payment of $3,205.23 to

---

[1] Pursuant to its docket-equalization authority, the Supreme Court of Texas transferred this appeal from the Third Court of Appeals to this Court. *See* Misc. Docket No. 23-9109 (Tex. Dec. 21, 2023); *see also* TEX. GOV'T CODE § 73.001(a) (authorizing transfer of cases). We are unaware of any conflict between the precedent of that court and of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Barrum. Simon alleges Barrum "claim[ed] to [the insurer] that the collision with [his] vehicle was responsible for the entire damage to her vehicle," including any pre-existing damage. Simon also alleges his "insurance rates have increased substantially" as a result of Barrum's claim.

Simon filed this suit against Barrum, asserting causes of action for negligence and negligence per se. With his negligence claim, Simon seeks to recover the $875.76 in damages to his vehicle. Simon's negligence per se claim is based on an alleged violation of Texas Penal Code § 35.02, which makes it a criminal offense to commit insurance fraud. There, Simon seeks to recover damages to his "insurance reputation," which he alleges are $20,000. In addition, while he does not assert a fraud cause of action, Simon alleges Barrum committed "actual fraud" in making a claim with their insurer and thus seeks exemplary damages of $10,000 under the Damages Act. *See* TEX. CIV. PRAC. & REM. CODE § 41.003.

Barrum moved for dismissal of Simon's claims under Rule 91a, arguing they have no basis in law or fact. *See* TEX. R. CIV. P. 91a. After a hearing, the trial court granted Barrum's motion, dismissed Simon's claims with prejudice, and awarded Barrum $7,654 in attorney's fees. This appeal followed.

3

## Analysis

Simon raises a single issue on appeal: whether the trial court properly dismissed his claims under Rule 91 as having no basis in law or fact.

### A.    Standard of review

A party may move to dismiss a claim under Texas Rule of Civil Procedure 91a because the claim has no basis in law or fact.  TEX. R. CIV. P. 91a; *see City of Dall. v. Sanchez*, 494 S.W.3d 722, 724–25 (Tex. 2016).  A claim "has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."  TEX. R. CIV. P. 91a.1.  A claim has no basis in law in at least two situations: when the nonmovant's pleading alleges (1) too few facts to establish a cognizable claim, or (2) facts that defeat the claim.  *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).  A claim "has no basis in fact if no reasonable person could believe the facts pleaded."  TEX. R. CIV. P. 91a.1.

In deciding the motion, the trial court must liberally construe the pleadings in the nonmovant's favor.  *See Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.).  The court cannot consider evidence.  TEX. R. CIV. P. 91a.6.  Instead, it "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59," which includes a written instrument on which the claims or defenses are

based. TEX. R. CIV. P. 59, 91a.6. These limitations, of course, do not bar the trial court from considering the legal arguments made by the parties. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 655–56 (Tex. 2020).

We review a trial court's order dismissing claims under Rule 91a de novo. *Id.* at 654. We do so because, whether a remedy is available based on the facts alleged by a plaintiff is a question of law, and Rule 91a's factual-plausibility standard is analogous to a legal-sufficiency review. *Sanchez*, 494 S.W.3d at 724.

## B. Simon's negligence claim

Simon's first cause of action is negligence. "The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Tenaris Bay City Inc. v. Ellisor*, 718 S.W.3d 193, 197 (Tex. 2025) (quotation omitted). Simon alleges Barrum caused damage to his vehicle because she breached the duty, among others, to "prevent injury to others if it reasonabl[y] appears or should appear that others in the exercise of their lawful rights may be injured by a dangerous condition by the individual."

In Texas, "[a] defendant assumes a duty of care to a plaintiff to warn of and remedy any dangerous condition he creates." *Murray v. Nabors Well Serv.*, 622 S.W.3d 43, 52 (Tex. App.—El Paso 2020, no pet.) (citing *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 353 (Tex. 1995)). "[T]he common law recognizes the duty to take affirmative action to control or avoid increasing the danger from

5

another's conduct which the actor has at least partially created." *El Chico v. Poole*, 732 S.W.2d 306, 312 (Tex. 1987), *superseded by statute on other grounds*, Dram Shop Act, Act of June 1, 1987, 70th Leg., R.S. ch. 303, § 3, 1987 Tex. Gen. Laws 1673, 1674 (codified as TEX. ALCO. BEV. CODE § 2.02).

"[L]iberally constru[ing] the pleadings in the nonmovant's favor," Simon's petition alleges a breach of this duty. *Stallworth*, 510 S.W.3d at 190. Simon alleges that "[w]hile [Barrum] was in the process of entering the private driveway, [he] was in the process to exit the garage"; "[b]efore exiting the garage, [he] did not see [Barrum's] vehicle and due to the topography of the driveway was unable to see [Barrum's] vehicle while exiting the garage"; and "[Barrum] made no effort to alert [him] to [Barrum's] vehicle[']s presence in the driveway even so [Barrum] could clearly see [him] backing out of the garage into the driveway." Simon thus alleges Barrum created a "dangerous condition," by driving behind Simon as he was backing out. *Murray*, 622 S.W.3d at 52. Simon was unaware of this dangerous condition even though he exercised reasonable care by checking the driveway before he began backing out, and Barrum failed to take "affirmative action to control or avoid increasing the danger" she created. *Poole*, 732 S.W.2d 306. In the context of a Rule 91a motion to dismiss, we conclude these allegations

are sufficient to allege a breach of the duty to "warn of and remedy any dangerous condition" a defendant creates. *Murray*, 622 S.W.3d at 52.[2]

Accordingly, we conclude the trial court erred in dismissing Simon's negligence claim for property damage to his vehicle under Rule 91a.[3] We sustain that portion of Simon's first issue to the extent it applies to his negligence claim for property damage to his vehicle.

## C. Simon's negligence per se claim

Count two of Simon's petition asserts a cause of action for negligence per se. "Negligence per se is a common-law doctrine that allows courts to rely on a penal statute to define a reasonably prudent person's standard of care." *Reeder v. Daniel*, 61 S.W.3d 359, 361–62 (Tex. 2001). It is "a species of negligence, in

---

[2] In her 91a motion, Barrum argued that the Texas Transportation Code placed a duty on Simon to not back up his car unless it could be done safely. *See* TEX. TRANSP. CODE § 545.402 ("An operator may not begin movement of a stopped, standing, or parked vehicle unless the movement can be made safely."); *id.* § 545.415 ("An operator may not back the vehicle unless the movement can be made safely and without interference with other traffic."). But nothing in these sections indicates that they apply to private driveways, so we conclude they are inapplicable. *See id.* § 542.001 ("A provision of this subtitle relating to the operation of a vehicle applies only to the operation of a vehicle on a highway unless the provision specifically applies to a different place.").

[3] Although Simon alleges in his negligence claim that Barrum breached a duty to him by "claiming to [the insurer] that the collision with [his] vehicle was responsible for the entire damage to her vehicle and by accepting payment from [the insurer] for the entire damage to her vehicle," Simon confirms in his briefing to this Court that he is not seeking relief for damage to his insurance reputation with his negligence claim. Instead, Simon's negligence claim is limited to "damages to his vehicle only," which he alleges were $875.76.

7

which the breach of duty element is established by showing the violation of a statute or regulation." *City of Houston v. Manning*, 714 S.W.3d 592, 596 (Tex. 2025) (internal quotation marks and citation omitted)). "To establish negligence per se, a plaintiff must prove that: (1) the defendant's act or omission violates a penal statute or ordinance; (2) the injured person is within the class of persons that the statute or ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury." *Metro. Transit Auth. of Harris Cnty. v. Trans-Global Solutions, Inc.*, No. 01-22-00434-CV, 2023 WL 3742349, at *8 (Tex. App.—Houston [1st Dist.] June 1, 2023, pet. denied) (mem. op.).

Here, Simon's negligence per se claim alleges Barrum violated Texas Penal Code § 35.02(a). Section 35.02(a) states,

> (a) A person commits an offense if, with intent to defraud or deceive an insurer, the person, in support of a claim for payment under an insurance policy:
>
> (1) prepares or causes to be prepared a statement that:
>
> (A) the person knows contains false or misleading material information; and
>
> (B) is presented to an insurer; or
>
> (2) presents or causes to be presented to an insurer a statement that the person knows contains false or misleading material information.

TEX. PENAL CODE § 35.02(a).

Simon's assertion that Barrum violated this statute apparently is based on his allegations that Barrum's vehicle was damaged prior to the collision, yet she made a claim with her insurer for "the entire damage" and accepted payment from the insurer for "the entire damage to her vehicle on [Simon]'s insurance policy." According to Simon, Barrum's violation of section 35.02 "resulted in damage to [his] insurance reputation in the amount of $20,000."

Simon's negligence per se claim is without merit. Even assuming Simon alleged a violation of section 35.02, he is not "within the class of persons that the statute . . . was designed to protect." *Metro. Transit Auth.*, 2023 WL 3742349, at *8. Simon points us to no authority suggesting that section 35.02 is intended to protect insureds from increased premiums, and we have found none. To the contrary, the statute's terms make plain its intention is to protect insurers against fraudulent claims by requiring an "intent to defraud or deceive *an insurer*." TEX. CIV. PENAL CODE § 35.02(a) (emphasis added); *see In re B.C.*, 592 S.W.3d 133, 136 (Tex. 2019) ("Our objective in construing and applying a statute is to determine and give effect to legislative intent as expressed by the statute's plain language."). And when a violation of section 35.02(a) is proven, the statute establishes an incremental punishment scheme that depends on the amount by which *the insurer* has been defrauded (i.e., the punishment becomes more severe as

9

the value of the fraudulent claim goes up), again showing the statute is meant to protect insurers against false claims. TEX. PENAL CODE § 35.02(c).

Likewise, we have held that an indictment alleging a violation of section 35.02(a) naming "an insurer" as the complainant, as opposed to an individual agent or other insurance company representative, provides sufficient notice of the offense charged, thus further reinforcing the conclusion that the statute protects insurance companies from fraud. *Black v. State*, No. 01-20-00178-CR, 2021 WL 2931350, at *3–4 (Tex. App.—Houston [1st Dist.] July 13, 2021, pet. ref'd) (mem. op.).

We conclude that section 35.02 is intended to protect insurers from fraudulent claims, not persons like Simon. We overrule Simon's appellate issue to the extent it applies to his negligence per se claim.

## D. Simon's claim for exemplary damages

Simon also seeks exemplary damages of $10,000 for actual fraud under the Damages Act. *See* TEX. CIV. PRAC. & REM. CODE § 41.003(a)(1). The Damages Act states, "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from . . . fraud." *Id*. In his briefing, Simon states repeatedly that he is "not suing for fraud" and "not suing [Barrum] for fraud" but also states that his claim for exemplary damages is based on his allegation that Barrum "committed fraud as defined by [the Damages Act] as

10

actual fraud." Specifically, he alleges Barrum "used the collision as an opportunity to obtain payments from [the insurer] on [his] policy to get [her] already heavily damaged vehicle fixed."

We conclude that to the extent Simon makes an allegation of fraud, he alleges his insurer was defrauded, not him. Even assuming Simon alleges Barrum made a false representation, he alleges she made the false statement to the insurer. Nowhere in his petition does Simon allege Barrum made a misrepresentation or false statement to him, or that he relied on any such misrepresentation. *See JP Morgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) ("To prevail on a fraud claim, a plaintiff must show: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result." (citation and internal quotation marks omitted)).

"A fraud claim is personal to the defrauded party," and as a result "only the defrauded party has standing to assert a fraud claim." *Zaan, LLC v. Sangani*, No. 05-12-00423-CV, 2015 WL 2398652, at *4 (Tex. App.—Dallas May 20, 2015, pet. denied) (mem. op.). Because Simon does not allege he was defrauded, he lacks

11

standing to assert a fraud claim. And because Simon lacks standing to assert a fraud claim, the predicate to his claim for exemplary damages under the Damages Act fails. *See* TEX. CIV. PRAC. & REM CODE § 41.003(a). We thus conclude the trial court properly dismissed Simon's claim for exemplary damages.

We overrule Simon's appellate issue to the extent it applies to his claim for exemplary damages.

### Conclusion

We reverse that portion of the trial court's order dismissing Simon's negligence claim for property damage to his vehicle. We also reverse that portion of the trial court's order awarding attorney's fees of $7,654.00 to Barrum. We affirm the trial court's judgment in all other respects and remand this case for further proceedings, including for the trial court to consider whether to award attorney's fees and costs pursuant to Rule 91a.7. *See* TEX. R. CIV. P. 91a.7.

Andrew Johnson
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.