**Opinion issued April 28, 2026**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-24-00704-CV

—————————————

**HOLLOMAN HOLDINGS CORP., Appellant**

**V.**

**STARR INDEMNITY & LIABILITY CO., Appellee**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-69855**

---

## MEMORANDUM OPINION

Holloman Holdings Corporation appeals the trial court's Rule 91a dismissal of its breach-of-contract and extracontractual claims against Starr Indemnity & Liability Company. *See* TEX. R. CIV. P. 91a. We reverse and remand.

## Background[1]

Holloman is a construction company that purchased occurrence-based builder's risk policies from Starr, covering 2018, 2019, and 2020. The policies provide coverage for perils to covered properties, including for flood and earth movement, and require Holloman to "promptly notify [Starr] or [Starr's] agent in the event of a loss."

In 2018, Holloman began a project in West Virginia, which it completed in October 2019. In December 2019, Holloman was notified that the jobsite had experienced multiple days of rainfall which, together with existing site conditions, caused slope failures. Holloman mobilized to the site to perform repair work, which was completed in May 2021. In October 2021, Holloman provided written notice of the loss to Starr.

Starr appointed Sedgwick to investigate and adjust Holloman's claim. Sedgwick conducted a site visit, met with Holloman on multiple occasions, engaged third-party consultants, and obtained "copious amounts of information" from Holloman. Sedgwick's investigation took approximately eighteen months and cost around $356,000. Starr offered to pay Holloman $3 million in "full settlement of the entire claim," which Starr maintained was its maximum liability

---

[1] The facts in this section are from the allegations in Holloman's live petition, which we accept as true. *See Hous. Indep. Sch. Dist. v. Kannaday*, 702 S.W.3d 790, 793 (Tex. App.—Houston [1st Dist.] 2024, no pet.).

2

under the policies. Holloman rejected the offer, and Starr has made no payment on Holloman's claim.

Holloman brought this suit against Starr, claiming breaches of contract and violations of the Texas Prompt Payment of Claims Act. *See* TEX. INS. CODE §§ 542.051–.061. Starr answered, generally denying Holloman's claims and asserting a defense that Starr was "unable to properly investigate the Losses" because of "Holloman's late notice." Starr attached to its answer hundreds of pages of policies and Sedgwick's letters to Holloman. Starr also filed a motion to dismiss under Texas Rule of Civil Procedure 91a, arguing its inability to investigate the losses due to untimely notice caused it prejudice, discharging Starr's coverage obligations and establishing Holloman's claims have no basis in law or fact.

The trial court granted Starr's 91a motion and dismissed Holloman's claims with prejudice. Holloman now appeals.

## Analysis

Holloman argues the trial court erred by dismissing Holloman's claims under Rule 91a. We agree.

### A. Standard of review

A party may move to dismiss a claim under Rule 91a because the claim has no basis in law or fact. TEX. R. CIV. P. 91a.1; *see City of Dall. v. Sanchez*, 494

3

S.W.3d 722, 724 (Tex. 2016). A claim "has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. A claim "has no basis in fact if no reasonable person could believe the facts pleaded." *Id*.

In deciding the motion, the trial court must accept the plaintiff's allegations "as true" and liberally construe the pleadings in the nonmovant's favor. *Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.). The court cannot consider evidence. TEX. R. CIV. P. 91a.6. Instead, it "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59," which includes a written instrument on which the claims or defenses are based. TEX. R. CIV. P. 91a.6; *see also* TEX. R. CIV. P. 59. These limitations, of course, do not bar the trial court from considering the legal arguments made by the parties. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 655–56 (Tex. 2020).

We review de novo a trial court's dismissal of claims under Rule 91a. *Id.* at 654. We do so because whether a remedy is available based on the facts alleged by a plaintiff is a question of law and Rule 91a's factual-plausibility standard is analogous to a legal-sufficiency review. *Sanchez*, 494 S.W.3d at 724.

**B.      The trial court erred by granting Starr's Rule 91a motion**

Starr argues Holloman's claims have no basis in law[2] because they are barred by Holloman's failure to provide Starr prompt notice of loss, prejudicing Starr's ability to investigate and adjust the claim. *See PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 636–37 (Tex. 2008) (holding insured's untimely notice of claim does not defeat coverage if the delay did not prejudice the insurer). Starr argues its defense is established by the policies and letters attached to its answer and incorporated into its Rule 91a motion or, alternatively, by Holloman's allegations alone.

Regarding the documents attached to Starr's answer, courts may not consider evidence in a Rule 91a proceeding but are limited to considering the allegations in the claimant's pleadings and any proper Rule 59 exhibits made a part of the claimant's pleadings. *See* TEX. R. CIV. P. 91a.1, 91a.6; *Bethel*, 595 S.W.3d at 656; *City of Hous. v. De La Cruz*, No. 01-24-00797-CV, 2025 WL 3672311, at *4–5 (Tex. App.—Houston [1st Dist.] Dec. 18, 2025, no pet.) (mem. op.); *Flores v. Bank of Am., N.A.*, 697 S.W.3d 243, 253 (Tex. App.—El Paso 2023, no pet.). While Holloman's petition referred to or quoted portions of the policies and letters,

---

[2]     Starr also argued Holloman's claims have no basis in fact but did not explain why. *See* TEX. R. CIV. P. 91a.2 (movant must "state specifically the reasons the cause of action has . . . no basis in fact"). We hold Holloman's allegations could be believed by a reasonable person, negating Starr's no-basis-in-fact challenge. TEX. R. CIV. P. 91a.1.

they were not made a part of Holloman's petition pursuant to Rule 59[3] and are thus not considered beyond Holloman's allegations.

The allegations in Holloman's petition establish that Holloman was notified of the slope failures in December 2019, performed repairs until May 2021, and first provided notice to Starr in October 2021. Assuming these allegations prove Holloman provided untimely notice, they do not establish as a matter of law that Starr was prejudiced by the delay. *See Blanton v. Vesta Lloyds Ins. Co.*, 185 S.W.3d 607, 615 (Tex. App.—Dallas 2006, no pet.) ("[P]rejudice from failure to notify timely arises from inability to investigate the circumstances of an occurrence to prepare adequately to adjust or defend any claims[.]").

Starr argues Holloman's allegations prove "there were multiple rainstorms over the course of several years" and Starr "lost access to critical evidence and was unable to investigate the circumstances of the Losses to prepare adequately to adjust the losses." The allegations do not conclusively prove these assertions. Holloman alleged that Starr appointed Sedgwick to investigate the alleged loss, and Sedgwick conducted an eighteen-month, $350,000 investigation, estimated the number of workdays lost because of rain, and calculated an average daily value for the lost workdays, leading to Starr's $3 million settlement offer. Holloman alleged that Sedwick's letters stated "there was no 'intent to decline coverage'" and "[w]e

___

[3] We express no opinion on whether the policies and letters are proper Rule 59 exhibits.

have identified some critical areas where we believe a combination of single and multiple slope failures are identified based on the dates the rain occurred when the slopes were being originally worked on during the course of the Project in 2018–2019. We understand that the losses were caused by earth movement." Holloman also pled there had been "multiple days of rain," not over several years, but over the roughly two-month period between Holloman's completion of the project in October 2019 and when it was notified of the slope failures in December 2019.

Liberally construing these allegations in Holloman's favor as we must, we conclude Holloman has not pled facts proving Starr was prejudiced by an inability to investigate the circumstances of the alleged loss. Starr thus did not establish that Holloman's allegations, together with all inferences reasonably drawn from them, defeated Holloman's entitlement to the relief sought. *See Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (explaining a claim has no basis in law under Rule 91a when, among other things, the nonmovant's pleading alleges facts that defeat the claim). We offer no insight as to whether the evidence will conclusively prove, conclusively negate, or create a fact issue regarding Starr's prejudice, if any—that is an issue for Rule 166a, not 91a. *See Royale v. Knightvest Mgmt., LLC*, No. 05-18-00908-CV, 2019 WL 4126600, at *12 (Tex. App.—Dallas Aug. 30, 2019, no pet.) (mem. op.) ("This

case illustrates to counsel that rule 91a is not and should not be used as a precipitate substitute for summary judgment.")

We sustain Holloman's appellate issue.

## Conclusion

We reverse the trial court's order dismissing Holloman's claims and remand this case for further proceedings.

Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.